WILLIAM TORPY v. JOHN W. JOHNSON ET AL.

FILED FEBRUARY 19, 1895.    No. 6457.

1. Contribution: JOINT TORT-FEASORS.  In an action for contri-
bution by one joint wrong-doer against another the test of re-
covery is whether the plaintiff, at the time of the commission of
the act for which he has been compelled to respond, knew that
such act was wrongful.

2. Intoxicating Liquors: ACTION AGAINST SALOON-KEEPER:
EVIDENCE: DIRECTING VERDICT.  Evidence *held* to warrant a
direction against the plaintiff, a licensed saloon-keeper, in an
action for contribution from the defendant, also a saloon-keeper,
on the ground that the furnishing of liquor to an habitual
drunkard, for which he had been compelled to respond, was
known by him to be wrongful and unlawful. (*Johnson v. Torpy,*
35 Neb., 604.)

ERROR from the district court of Johnson county.  Tried
below before BABCOCK, J.

*Daniel F. Osgood,* for plaintiff in error:

Where there is a question of fact to be passed upon by
the jury, it is error for the court to direct a verdict. (*Grant
v. Cropsey,* 8 Neb., 205; *Eaton v. Carruth,* 11 Neb., 235.)

*E. W. Thomas, S. P. Davidson,* and *J. Hall Hitchcock,*
*contra:*

It was the duty of the court, under the evidence, to di-
rect a verdict for defendant. (*Lent v. Burlington & M. R.
R. Co.,* 11 Neb., 204.)

POST, J.

This cause was before us at the September, 1892, term,
at which time it was held that the plaintiff herein, Torpy,
was not entitled to contribution from the defendant John-
son on account of money paid to satisfy a judgment on the

bond of the former as a licensed saloon-keeper. (See *Johnson
v. Torpy*, 35 Neb., 604.)    The principle therein recognized
is that contribution will not be enforced in favor of a
wrong-doer who knew, at the time of the commission of the
act for which he has been compelled to respond, that such act
was wrongful.    The judgment on account of which contri-
bution is sought in this case was recovered in the district
court of Johnson county in an action by the widow of
William Rowell, and the wrong alleged was the selling
and furnishing of liquor which caused or contributed to
the death of the deceased.    We held on the former hearing
that since Rowell was admitted to have been a common
drunkard at the time of the furnishing to him by Torpy
of the liquor for which the recovery was allowed the latter
is presumed to have known that he was doing an unlawful
and wrongful act, and therefore not entitled to contribution
from Johnson, who is alleged to have furnished liquor
which also contributed to the result stated.    Torpy at-
tempted on the second trial to overcome the presumption
of notice by proof that he was not aware of Rowell's char-
acter for sobriety, that his, Rowell's, reputation was that
of a sober man, and that the furnishing of the liquor was
not, therefore, wrongful within his knowledge.    The dis-
trict court decided that there was an entire failure of proof
to sustain that contention, and accordingly directed a ver-
dict for the defendant, upon which judgment was subse-
quently entered and which it is sought to reverse by means
of this proceeding.

The direction of the district court we regard as alto-
gether proper.    The record establishes by positive proof
that which we found as an inference from the facts in evi-
dence on the former hearing, viz., that the furnishing of
the liquor to Rowell was not only wrongful in its legal
sense, but was so understood by the plaintiff at the time it
was so furnished.    In his answer to the petition of Mrs.
Rowell it is distinctly alleged that the plaintiff's husband

had for more than eighteen years been addicted to the excessive use of intoxicating liquors; that for a long time prior to the date named in the petition the deceased had been almost continuously in a state of intoxication, and instead of contributing to the support of his family, had long been a charge upon them. He admits that he was, some time during the year 1887, notified by Mrs. Rowell not to furnish liquor to her husband, for the reason that he, Rowell, was drinking to excess. He denies having furnished liquor to the deceased during that year, but admits that the latter drank in his saloon during the year 1888. The proof that the plaintiff was aware of Rowell's habits is of the clearest and most conclusive character. Indeed, if there is in the record evidence to the contrary it has not been called to our attention. True, plaintiff in his direct examination makes a pretense of denial, but his testimony is of too conflicting and unsatisfactory a character to be made the basis of a finding in his favor, even if uncontradicted; but when viewed in the light of the admitted facts, including the plaintiff's sworn answer in the former action, his claim at this time is evidently a mere pretense, and unworthy of serious consideration. The judgment is right and is

AFFIRMED.