# Oakdale Borough, Appellant, *v.* Gamble.

*Negligence—Joint tort feasors—Contribution.*

As between joint tort feasors there is no contribution.

Where a borough through its street committee and engineer retains some control over the work of a contractor in a street improvement, and an accident resulting in personal injuries occurs through the joint negligence of the borough and the contractor, the borough cannot compel the contractor to contribute towards a judgment which the borough was compelled to pay to the person injured.

*Evidence—False representation—Contract.*

A borough was sued for personal injuries sustained during the course of a street improvement. At the trial the person who did the work testified that he had a contract with the borough. A judgment resulted against the borough. A second trial was had and the person who did the work testified that he never made a contract with the borough to do the work.

It was clearly established, however, that he actually did the work. There was evidence that the borough through a street committee and an engineer had some control of the work. The borough sued the contractor in trespass alleging that it was because of his misrepresentation and perjury at the second trial that a verdict and judgment was obtained against it. *Held,* (1) that as it was established that the defendant did the work, the law implied a contract, notwithstanding the testimony of defendant to the contrary; (2) that a nonsuit was properly entered.

Argued Nov. 1, 1901. Appeal, No. 100, Oct. T., 1901, by plaintiff, from order of C. P. No. 1, Allegheny Co., Dec. T., 1899, No. 234, refusing to take off nonsuit in case of Oakdale Borough v. Samuel Gamble. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass for alleged false representation. Before Brown, J.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off, Brown, J., filing the following opinion:

This is an action of trespass by the borough of Oakdale against Samuel Gamble to recover damages, the allegation being that the defendant, as a witness in the suit of C. H. Hookey and wife against the borough, wilfully and falsely testified upon a matter material to the issue.

Leading up to that issue, the facts may be briefly stated as follows: The action of Hookey and wife, resulting in a verdict against the borough, was for personal injuries received on the night of October 21, 1895, while driving on Clinton avenue. The avenue at the time and place of injury was about eight feet wide, narrowed by a water box of the borough upon one side, and by stone piled on the other, in connection with the construction of a retaining wall for the borough, the work being done by Samuel Gamble. The case was tried twice. In the first trial, the borough set up in bar of the action, that the negligence, if any, was caused by Samuel Gamble, an independent contractor. On appeal to the Superior Court (5 Pa. Superior Ct. 404), the lower court was reversed. Judge Willard delivering the opinion, said: " The burden was upon the defendant to establish the fact that the injury was caused by

the act of an independent contractor, and it may be justly claimed that the credibility of the defendant's witness " (Gamble) " was for the jury. Therefore this case must go back for another trial, in order that the jury may be fully instructed on this important question."

Upon the second trial, resulting like the first in a verdict against the borough, the borough failed to establish that Gamble was an independent contractor; and it alleges the failure was due to false testimony of Gamble touching a matter material to the issue. At the first trial he testified that he had a contract with the borough for the construction of the retaining wall. At the second trial, he testified that he had no contract, written or verbal: Q. As a matter of fact, you never had any contract with the borough for doing this work? A. I never made a contract with them. Q. Either verbal or written? A. Never talked to me about a contract at all, no, sir. Q. And never had any contract with them of any kind with regard to it? A. Never made a contract. Q. As a matter of fact, they never gave you the original contract did they? A. No, sir.

In the light of the facts, this variation in his testimony is of little moment. It is a mere opinion drawn from facts testified to before the court and jury. It was clearly established that Gamble was doing the wall-work for the borough. And from that the law implied a contract, notwithstanding his testimony to the contrary. The disputed point was whether he bore an independent contractual relation to the work. There was evidence that the street committee and the borough engineer had some control of the work. The jury found that Gamble was not an independent contractor. True, the relation between him and the borough was contractual, but not independent. The verdict has settled that.

Assuming that they were jointly liable for the tort, the verdict against the borough bars its action against Gamble, because as between joint tort feasors there is no contribution.

The motion to take off the compulsory non suit is overruled.

*Error assigned* was the order of the court.

*E. E. Fulmer*, with him *W. H. Sponsler*, for appellants.

*John S. Robb*, *Knox & Reed* and *J. H. Beale*, for appellee, were not heard.

PER CURIAM, January 6, 1902 :
Judgment affirmed on the opinion of the court below.