## Goldman *v.* Mitchell-Fletcher Co. et al., Appellants.

*Negligence—Parent and child—Right of mother to sue for injuries to child—Dispute as to father's support of child—Question for jury—Act of May 5, 1911, P. L. 177.*

In an action brought by a mother under the Act of May 5, 1911, P. L. 177, to recover damages for injuries to a minor child, where the right of the mother to sue is contested, a verdict and judgment for plaintiff will be sustained where the evidence for the mother, although contradicted, tended to show that the husband had not contributed to the support of the minor for six months prior to the accident.

Argued December 1, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 261 and 262, Jan. T., 1926, by defendants, from judgment of C. P. No. 2, Phila. Co., March T., 1924, No. 1331, on verdict for plaintiff, in case of Gertrude Goldman, a minor, by her mother and next friend, Sarah Goldman, and Sarah Goldman, in her own right, v. Mitchell-Fletcher Co. and Philadelphia Rapid Transit Co. Affirmed.

Trespass for personal injuries to minor child. Before GORDON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Gertrude Goldman for $5,000 and for Sarah Goldman for $3,332. Defendants appealed.

*Error assigned* was, inter alia, refusal of judgment for defendants n. o. v., quoting record.

*Ward C. Henry,* with him *Edwin C. Markel,* for Mitchell-Fletcher Co., Appellant.

*Daniel J. Shern,* with him *J. J. Caskie,* for Philadelphia Rapid Transit Co., appellant.

*Augustus Trask Ashton,* with him *Victor Frey,* for appellees.

PER CURIAM, January 3, 1927:

When this case was here on a prior appeal (285 Pa. 116) we ruled that the evidence was sufficient to make it one for a jury to pass upon. No such point is at present before us; at the trial now up for review, the evidence was substantially the same as at the prior trial, but the defendants, who appeal, contend that plaintiff, Sarah Goldman, the mother of the minor plaintiff, Gertrude Goldman, had no right to sue under the Act of May 5, 1911, P. L. 177, which provides that, "Whenever the father of any minor shall not have supported or contributed to its support during a period of six months . . . . . . such mother shall have the same right to the services of such minor and the same right to be compensated for the loss of such services as are now by law possessed by the father of any such minor." In disposing of this point, the court below states: "The defendants attack the right of the mother to recover in her own right, upon the ground that the father was living and the right of recovery in such cases lies in the father, unless he neglects to support his minor child for a period of six months before the right accrues. In attacking the right of the mother to recover, the defendants called the father, who testified to facts from which the jury might have inferred that he had not neglected to support his children. The mother testified in contradiction to this, and the trial judge submitted to the jury the questions of fact thus in dispute, upon which the right of the mother depended." Defendants contend that plaintiff had no evidence sufficient to bring her case within the act; on the other hand, plaintiff contends that the testimony of her husband should not have been admitted,

that such testimony was evidence given by a husband against his wife and barred by the law of Pennsylvania. It is unnecessary to pass on the latter contention, however, for, after reading all the evidence in the case, we are not convinced that the court below erred in ruling that plaintiff had brought herself within the Act of 1911.

The judgment is affirmed.