## Goldman et al. *v.* Mitchell-Fletcher Co.

*Subrogation—Equity—Judgment—Payment of debt.*

1. Subrogation is an equity called into existence for the purpose of enabling a party secondarily liable, but who has paid the debt, to reap the benefit of any securities or remedies which the creditor may hold as against the principal debtor and by the use of which the party may thus be made whole.

*Subrogation — Contributionship—Joint tort-feasors—Illegal act —Negligence—Maxim.*

2. The general rule that there can be no contribution among joint tort-feasors applies only where there has been an intentional violation of the law, or where the wrongdoer knows or is presumed to know that the act was unlawful.

3. The rule does not apply to torts which are the result of mere negligence.

4. Where a judgment is recovered against one of two parties guilty of joint negligence, such party, on paying the judgment, has a right to have the judgment marked to his use, so as to enforce contribution from the other party guilty of the joint wrong.

Argued January 5, 1928. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 96, Jan. T., 1928, by Philadelphia Rapid Transit Co., from order of C. P. No. 2, Phila. Co., March

T., 1924, No. 1331, making absolute rule to mark judgment for plaintiff, to use, in case of Gertrude Goldman, a minor by her mother and next friend, Sarah Goldman, and Sarah Goldman (to the use of American Surety Co., and surety for Mitchell-Fletcher Co.) v. Mitchell-Fletcher Co. and Philadelphia Rapid Transit Co. Affirmed.

Trespass for negligence.

Rule to intervene and mark judgment to use.

The opinion of the Supreme Court states the facts.

Rule absolute in opinion by Lewis, J. Philadelphia Rapid Transit Co. appealed.

*Error assigned* was order, quoting record.

*Chester N. Farr, Jr.,* with him *John J. K. Caskie* and *Russell Duane,* for appellant.—The American Surety Co. in this case stands in the shoes of Mitchell-Fletcher Co., one of the joint tort-feasors, and therefore cannot recover from the other joint tort-feasor: Knouf's App., 91 Pa. 78.

Where one is surety for one of two joint defendants and pays a judgment recovered against both jointly such surety is only subrogated to the plaintiff's rights against the surety's principal: Bowman v. Blodgett, 2 Metc. 308; McCormick v. Irwin, 35 Pa. 111; Boyer v. Bolender, 129 Pa. 324.

The Pennsylvania rule prohibits a recovery against any of the other joint tort-feasors after a release has been accepted from one: Seither v. Traction Co., 125 Pa. 397; Illinois Auto Ins. Ex. v. Braun, 280 Pa. 550.

The American Surety Co. pays this judgment as a volunteer so far as the Phila. Rapid Transit Co. is concerned, and therefore has no right of subrogation as against the Phila. Rapid Transit Co.: Webster's App., 86 Pa. 409.

*Wm. W. Smithers,* for American Surety Co.—Under the subrogation doctrine of our jurisprudence, the right of appellee seems clear and the form of procedure proper: Wright v. Grover & Baker Co., 82 Pa. 80; Duffield v. Cooper, 87 Pa. 443; Hill v. Denniston, 197 Pa. 271; Com., to use, v. Froelich, 56 Pa. Superior Ct. 604; Craig v. Lininger, 61 Pa. Superior Ct. 339.

OPINION BY MR. JUSTICE SCHAFFER, March 12, 1928:

This proceeding, by the American Surety Company, in essence asks that it be subrogated to the rights of the plaintiffs in judgments obtained in an action of trespass to recover damages for personal injuries, brought by Gertrude Goldman and Sarah Goldman, against Mitchell-Fletcher Company and Philadelphia Rapid Transit Company. Both defendants appealed from the judgments to this court, the American Surety Company becoming security for Mitchell-Fletcher Company on its appeal bond, in order to supersede execution on the judgments. The Philadelphia Rapid Transit Company did not enter a bond because of some arrangement it had made with the plaintiffs. The judgments were affirmed (288 Pa. 102), and subsequently, on the remitting of the record, the Surety Company paid them to the plaintiffs, prior to so doing, requesting them to mark the judgments to its use, which they declined to do, but entered satisfaction thereon. In its petition, the Surety Company asks not only that it be subrogated to the plaintiffs' rights but that the satisfaction entered on the judgments be stricken off. The court below made absolute a rule, permitting the Surety Company to intervene as a party in interest to assert its right to subrogation, to strike the satisfaction from the record, and to mark the judgments to its use, from which order the Philadelphia Rapid Transit Company appeals.

It is the contention of appellant that the result of the action of the court below if affirmed will be to bring about contribution between it and its joint tort-feasor,—

that appellee will use the judgments not only to collect from Mitchell-Fletcher Company, by whom it was indemnified when the appeal bond was entered, but from appellant as well. At this stage of the matter we think this question does not arise, although it is in the offing. We are actually concerned now only with the right of the Surety Company to be subrogated in the judgments, which it paid because neither of the defendants did so. However, in order to avoid further litigation, if possible, we will pass on the question of the use which the Surety Company may make of the judgments against both defendants.

"A surety who pays a debt which has been reduced to judgment, is entitled to have the judgment kept alive for his benefit, and to enjoy, as against the principal debtor,......exactly the same advantages which could have been claimed by the judgment creditor": Bispham's Principles of Equity (10th ed.), sec. 336. "Subrogation is an equity called into existence for the purpose of enabling a party secondarily liable, but who has paid the debt, to reap the benefit of any securities or remedies which the creditor may hold as against the principal debtor and by the use of which the party may thus be made whole": Ibid., sec. 335. "The general rule is well settled that if a surety has paid a debt, he is entitled to all the securities the creditor had against the principal debtor. If the claim be in judgment, he is entitled to be subrogated of record. Even if the judgment has been marked satisfied on the record, the surety paying is entitled to be subrogated": Wright v. Grover & Baker Co., 82 Pa. 80; Lackawanna Trust & Safe Deposit Co. v. Gomeringer, 236 Pa. 179. Under principles too well established to be gainsaid, appellee, having paid the judgments on which its principal was liable, is entitled to be subrogated to the plaintiffs' rights therein: Kolb v. National Surety Co., 176 N. Y. 233, 68 N. E. 247; Rosenthal v. New York Rys. Co. et al, 109 Misc. Reps. (N. Y.)

210. We then come to the question of the use it may make of the judgments.

Appellant asserts the proposition that there is no contributionship as between joint tort-feasors, and relies upon Seither v. Phila. Trac. Co., 125 Pa. 397; Boyer v. Bolender, 129 Pa. 324; Turton v. Powelton Elec. Co., 185 Pa. 406; and Oakdale Borough v. Gamble, 201 Pa. 289, in its support. We think the able counsel who presented the argument in appellant's behalf states the rule too broadly. "The general rule that there can be no contribution among wrongdoers has many exceptions. There is not complete unanimity among the decisions regarding facts which will allow or defeat the right of contribution among tort-feasors, much of the confusion being due to a failure to differentiate between the liability of tort-feasors to third persons and for contribution among themselves. It has been stated that the principle that no right of contribution exists as between wrongdoers is confined to cases where the transaction is actually illegal or void, or where the fraud is so great that on moral grounds the court will not entertain a suit for the relief of the tort-feasor, and that in cases of quasi torts only, not involving any moral turpitude or any personal fault, or where the acts are not obviously unlawful, or the parties are not presumed to have known they were doing any wrong, or where their liability is by implication of law merely, then contribution will be enforced": 13 C. J., page 829. "The rule that there can be no contribution among wrongdoers has so many exceptions that it can hardly with propriety be called a general rule. It applies properly only to cases where there has been an intentional violation of law, or where the wrongdoer is to be presumed to have known that the act was unlawful": Bailey v. Bussing, 28 Conn. 455. "We must look for personal participation, personal culpability, personal knowledge. If we do not find these circumstances, but perceive only a liability in the eye of the law, growing out of a mere relation to the perpetra-

tor of the wrong, the maxim of law that there is no contribution among wrongdoers is not to be applied. ......The rule that wrongdoers cannot have redress or contribution against each other, is confined to cases where the person seeking redress must be presumed to have known that he was doing an unlawful act": Ibid., pages 459, 460. Quoting from Story on Partnership, the opinion in the Connecticut case cited says (p. 460): "But the rule is to be understood according to its true sense and meaning, which is where the tort is known, meditated wrong." "Modern decision has limited the doctrine to situations where the person who claims contribution must be presumed to have known that he was doing an unlawful act": Street's Foundations of Legal Liability, vol. 1, page 490. "Even though a person has actually participated in the wrong, the rule that wrongdoers cannot have redress or contribution against each other is confined to cases where the person seeking redress must be presumed to have known that he was doing a wrongful act, or where the wrong committed was in itself illegal": 13 C. J. 830. "The rule that the wrongdoers cannot have redress or contribution against each other is confined to cases where the person seeking redress must be presumed to have known that he was doing an unlawful act. If he knew the act was illegal, or if the circumstances were such as to render ignorance of the illegality inexcusable, then he will be left by the law where his wrongful action has placed him": Cooley on Torts, vol. 1, 3d ed., page 259, sec. 171.

The doctrine of no contribution between joint tort-feasors had its origin in cases where there was an intentional wrong done to the plaintiff by the joint defendants. The case which gave rise to it was Merryweather v. Nixan, 8 T. R. 186 (1799); Street's Foundations of Legal Liability, vol. 1, page 490. We doubt very much whether the doctrine ever would have arisen out of a case like the one which occasioned this proceeding, where the responsibility of the defendants grows

out of the rule respondeat superior. Commenting on
Merryweather v. Nixan in the famous case of Burrows
v. Rhodes and Jameson, 1 L. R. Q. B. 816 (1899), in-
volving the liability of the defendants for damages suf-
fered by plaintiff due to his enlisting for service in South
Africa as a result of fraudulent representations, the
court of Queen's Bench said (p. 825) : "Reliance was
next placed on the case of Merryweather v. Nixan, in
which it was held that one wrongdoer cannot have
redress or contribution against another. True it was
so held; but what does BEST, C. J., say about it in de-
livering the judgment of the court in Adamson v. Jarvis?
He says, 'From the concluding part of Lord KENYON'S
judgment in Merryweather v. Nixan, and from reason,
justice, and sound policy, the rule that wrongdoers can-
not have redress or contribution against each other is
confined to cases where the person seeking redress must
be presumed to have known that he was doing an un-
lawful act.' Again, in the case of Palmer v. Wick and
Pulteneytown Steam Shipping Co., the noble Lords,
though not overruling Merryweather v. Nixan, damn
the case with faint praise, decline in terms to apply it
to Scotland, and refuse to extend its operation one
iota." In Palmer v. Wick and Pulteneytown Steam
Shipping Co., Law Reports, 1894 Appeal Cases, 318,
Lord HERSCHELL said (p. 322) : "On principle I can see
no reason why, when a joint judgment debt has resulted
from a joint wrong, each codebtor should not pay his
share; or why, if one be compelled by the creditor to
pay the whole debt, the other should be enabled to go
free......It is not necessary in this appeal to decide
whether there can be any right of contribution in the
case of a delict proper when the liability has arisen
from a conscious and therefore moral wrong, nor even
whether in every case of quasi delict a delinquent may
obtain relief against his codelinquent, though I see, as
at present advised, no reason to differ from the opinion,
which I gather my noble and learned friend Lord WAT-

son holds, that such a right may exist......Much reliance was placed by the learned counsel for the appellant upon the judgment in the English case of Merryweather v. Nixan. The reasons to be found in Lord KENYON's judgment, so far as reported, are somewhat meagre, and the statement of the facts in the case is not less so. It is now too late to question that decision in this country; but when I am asked to hold it to be part of the law of Scotland, I am bound to say that it does not appear to me to be founded on any principle of justice or equity, or even of public policy, which justifies its extension to the jurisprudence of other countries. There has certainly been a tendency to limit its application even in England......'The rule that wrongdoers cannot have redress or contribution against each other is confined to cases where the person seeking redress must be presumed to have known that he was doing an unlawful act.'" "Where two or more have participated in the commission of a wrong, the general rule is that a right of contribution will not arise in favor of the one held responsible by the injured party. But this rule is restricted to cases where the joint tort-feasor who has been forced to respond in damages knew or must have known that the act in which he participated was unlawful": 38 Cyc., page 493. See, also, 6 R. C. L., p. 1054 et seq.

The cases relied upon by the appellant for the broad rule as he states it do not bear it out when their facts are taken into account. In Seither v. Phila. Trac. Co., 125 Pa. 397, the plaintiff, a passenger, was injured in a collision between the cars of two street railway companies and for a sum of money paid, released the carrier company from all responsibility for the injury. It was held that he could not recover from the other company, as he could receive but one satisfaction. In Boyer v. Bolender, 129 Pa. 324, where one of several directors of an insurance company had paid off a judgment recovered against them jointly for the fraudulent appropria-

tion of the funds of the company to their own use, it was decided he could not enforce contribution from the other defendants because he had participated in the fraud. In Turton v. Powelton Electric Co., 185 Pa. 406, it was held that inasmuch as joint tort-feasors are jointly and severally liable for injuries caused by their torts, and, as between themselves, no contribution exists, one of them has no cause to complain because in an action against the two, the trial judge directed a verdict in favor of the other. In that case there was no discussion or examination of the rule and the decision was reached on other grounds. In Oakdale Borough v. Gamble, 201 Pa. 289, the real point was whether the contractor with the municipality was an independent contractor. It was not necessary to the decision that the joint tort-feasor doctrine should be applied and it was brought into the opinion of the lower court on which the judgment was affirmed only as a makeweight.

The rule has not heretofore been applied broadly and without exception in this Commonwealth but quite contrariwise. In Armstrong Co. v. Clarion Co., 66 Pa. 218, a traveler who passed over a bridge maintained by two counties, was injured by its breaking down, and, in an action for damages, recovered against one of the counties, which, it was held, might recover contribution from the other. It is there laid down that the rule against contribution between wrongdoers is confined to cases where the plaintiff must be presumed to know that he was doing an unlawful act. It is said in the opinion, "In Betts v. Gibbins, 2 Ad. & E. 57, Lord DENMAN said, 'The case of Merryweather v. Nixan, 8 T. R. 186, seems to me to have been strained beyond what the decision will bear,—the present case is an exception to the general rule. The general rule is that, between wrongdoers, there is neither indemnity nor contribution. The exception is where the act is not clearly illegal in itself, and Merryweather v. Nixan, 8 T. R. 186, was only a refusal of a rule nisi.' " The opinion also comments on the case

of Pearson v. Skelton, 1 Mee. & Wels. 504, where one stage coach proprietor had been sued for the negligence of a driver and damages had been recovered against him, which he paid, and he sought contribution from another of the proprietors, it being held that the rule of no contribution between joint tort-feasors did not apply to a case where the party seeking contribution was a tort-feasor only by inference of law, but is confined to cases where it must be presumed that the party knew he was doing an unlawful act. A Pennsylvania case involving practically the same facts is Horbach's Admr. v. Elder, 18 Pa. 33, where five persons were engaged in running a line of stages along a road, for designated parts of which, stages, horses and drivers were to be provided by each at his exclusive expense, and under the exclusive control of the same. Through the carelessness of one of the drivers, the stage was overturned, and several of the passengers injured. For the injuries suits were brought against all of the proprietors, but the process was served only on the one who employed the driver and one other; execution being issued, the latter paid about half of the liability. It was held that he was entitled to recover from one of the other proprietors who had been served in the suits, his proper share of the amounts so paid.

In other jurisdictions the rule has not been applied where the initial action grew out of negligence not intentional wrong. In Mayberry v. Northern Pacific Ry. Co., 110 N. W. 356 (1907), it was said (p. 357), "There is, it is true, a general rule that the right of contribution does not exist as between joint tort-feasors; but it applies only between persons who by concert of action intentionally commit the wrong complained of. Where there is no concert of action in the commission of the wrong, the rule does not apply. [In the original case here brought by the Goldmans there was no concert of action by the defendants.] In such cases the parties are not in pari delicto as to each other, and as between

themselves their rights may be adjusted in accordance with the principles of law applicable to the relation in fact existing between them. The rule does not apply to torts which are the result of mere negligence: Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320; Churchill v. Holt et al., 127 Mass. 165, 34 Amer. Rep. 355; Acheson v. Miller, 2 Ohio St. 203, 59 Am. Dec. 663; Torpy v. Johnson, 43 Neb. 882, 62 N. W. 253; Adamson v. Jarvis, 4 Bingham 66; 9 Cyc. 804; 7 Am. & Eng. Ency. Law, 365." In Ankeny v. Moffett, 37 Minn. 109, 33 N. W. 320, the case is thus stated by that eminent judge, Mr. Justice MITCHELL: "Defendant Moffett and one Johnson, being severally the owners of two adjoining lots, joined in erecting a building upon them, and united in letting the contract for its construction to one builder. While the building was in process of erection, a portion of its walls fell, and injured one Walters, who thereupon sued Moffett and Johnson for damages, and recovered a joint judgment against the two. They were not guilty of any intentional wrong, or of any bad faith, or of any act in itself illegal, and hence the ground of their liability to Walters must have been negligence in the manner of erecting the building. After the rendition of the judgment, Moffett being threatened with execution, but no levy having been made on his property, paid the entire judgment......and then caused execution to be issued for one-half of the amount of the judgment, and levied on the property of Johnson. Johnson subsequently made an assignment for the benefit of creditors to plaintiff, who brings this action to enjoin the sale on the execution......That in this case Moffett is entitled to contribution from Johnson cannot be doubted. Whether the statute cited was intended to change the rule that there can be no contribution among wrongdoers it is unnecessary to consider. That rule is applicable only where the person seeking the contribution was guilty of an intentional wrong, or, at least, where he must be presumed to have known that he was doing an illegal

act. It is immaterial whether the ground of Walter's recovery was the negligence of Moffett and Johnson personally, or that of their agent, the builder. In neither one was there any intentional wrong. In the one case it would be mere negligence in doing a lawful act; in the other case, there would be no personal fault whatever on their part. In neither case would the rule apply." "The act which precludes a party from the right to claim contribution from those who were equally liable to the burthen as himself, must be malum in se, as actual fraud or voluntary wrong......The reason why the law refuses its aid to enforce contribution against wrongdoers, is that they may be intimidated from committing the wrong, by the danger of each being made responsible for all the consequences; a reason, which does not apply to torts or injuries arising from mistakes or accidents": Thweatt's Admr. v. Jones, 1 Randolph (Va.) 328, 332, 333. In an action for contribution by one joint wrongdoer against another, the test of recovery is whether the plaintiff, at the time of the commission of the act for which he has been compelled to respond, knew that such act was wrongful: Torpy v. Johnson, 43 Neb. 882, 62 N. W. 253. The rule that no contribution lies between trespassers applies only to cases where the persons have engaged together in doing wantonly or knowingly a wrong: Acheson v. Miller, 2 Ohio St. 203, 59 Am. Dec. 663. A person is not deprived of contribution from another who was also originally liable, where the ground of the liability is merely negligence of both in carrying on a lawful business: 9 Cyc. 806.

In its brief and at bar, appellee's counsel stated that its intention is to require appellant to pay only half of the judgments; our decision is predicated upon this use of the remedy which we now make available to appellee. We are not determining that contributionship always exists between joint tort-feasors; we are deciding only that, in this particular instance, if that be the result, we do not look upon it as one that is improper,

or unjust, or without sanction in law. There may be cases in which such outcome should not be sanctioned; they will be disposed of in the future when they are brought before us for determination.

The order of the court below is affirmed at appellant's cost.