## Cohen v. Philadelphia Rural Transit Company et al.

*W. C. Brown*, for plaintiff; *David I. Scanlon*, for defendant.

*Israel K. Levy*, Assistant City Solicitor, for additional defendant, City of Philadelphia.

GORDON, JR., J., May 15, 1930.—This action in trespass is before us upon an affidavit of defense in the nature of a demurrer to a writ of *scire facias* under the Act of April 10, 1929, P. L. 479, issued by the defendant, the Philadelphia Rural Transit Company, to bring the City of Philadelphia upon the record as an additional defendant.

The plaintiff, who is a fireman of the City of Philadelphia, brought the action against the Philadelphia Rural Transit Company to recover damages for injuries suffered by him in a collision between a motor vehicle of the defendant and a motor fire-engine on which the plaintiff was riding, and which was being operated by another employee of the Fire Department of the City. After suit was brought, the defendant brought in the City by *scire facias*, averring in the writ that "The City of Philadelphia is liable over to the Philadelphia Rural Transit Company for the cause of action declared on, because the injury for which plaintiff seeks to recover was caused by the negligent operation of motor vehicle of said City of Philadelphia in colliding with motor vehicle of the defendant." To this averment of the writ the additional defendant filed the affidavit of defense raising questions of law now before us.

The first question raised by the affidavit is one of pleading. The writ avers only that the accident was due to the negligence of the City of Philadelphia, the additional defendant. How, then, can there be a right of action over against it by the Philadelphia Rural Transit Company, the original defendant? The case of Vinnacombe *v.* Philadelphia et al., 297 Pa. 564, reaffirmed

by the case of First National Bank of Pittsburgh v. Baird (not yet reported), decides that a writ of scire facias under the Act of 1929 is in the nature of an action in assumpsit, and, like a statement of claim to which it is declared to be analogous, must disclose the facts upon which the action over is founded. This being so, any right of action over, which one joint tortfeasor may have against another, must depend upon the existence of a right of contribution between them. In such a case, therefore, the writ of scire facias, which must be self-sustaining and must disclose the essentials of a cause of action, should set forth, first, that both defendants were negligent; and, second, that their joint negligence occurred under such circumstances as to give rise to contributionship between them under the principles laid down in the case of Goldman v. Mitchell-Fletcher Co., 292 Pa. 354. If either of these averments is lacking, the writ fails to show a cause of action by the one against the other. In the writ before us both are wanting. There is neither an averment of a joint tort nor of the circumstances which would support contribution between joint wrongdoers. On the contrary, it would appear from the averment of the writ that the City's negligence alone caused the accident; and if that be so, no verdict could be rendered against the transit company, and no action over could lie in its favor against the City, for it is only in the event of recovery by the plaintiff against an original defendant that an action over lies against an additional defendant: Vinnacombe v. Philadelphia et al., supra. Upon the pleadings, therefore, the affidavit of defense filed by the City is sufficient.

As the question just discussed involves merely a defect of pleading, which would be correctible by an amendment setting forth a joint tort under circumstances where a right of contribution between the defendants existed, we would be inclined to give the original defendant an opportunity to amend its writ, if it could successfully do so. In view of all the conceded facts in the case, however, it is apparent that there could be no right of contribution between these defendants, even if the negligence of both contributed to the accident, and no effective amendment could, therefore, be made. This brings us to the question of substantive law raised by the affidavit—can there be contribution between joint tortfeasors when one of them is liable to the plaintiff only under the Workmen's Compensation Law? The plaintiff was an employee of the City at the time of the accident, and was entitled only to compensation from the City under the Workmen's Compensation Law, which abolishes an employer's liability for negligence and substitutes for it a form of industrial insurance in no way dependent upon the cause of an injury. The liability of the two defendants to the plaintiff being, therefore, fundamentally different in nature, the question arises whether a right to contribution exists between them merely because they were joint tortfeasors.

To determine this question, it is necessary to consider whether contributionship rests upon joint tortfeasorship or upon joint liability. If the former, the duty to contribute would exist, regardless of whether they were both liable to the person injured, and, if the latter, the duty would not arise where one is liable and the other not; as, for instance, in the case of the joint negligence of a charity and an individual. While it is true that the equitable doctrine of contributionship is designed for the mutual relief of persons whose concurrent negligence has caused injury to another, it rests primarily upon joint liability rather than upon joint tortfeasorship. "The doctrine of contribution rests on the principle that, when the parties stand in æquali jure, the law requires equality, which is equity, and one of them shall not be obliged to bear a common burden in ease of the rest. It is founded on principles of

equity and natural justice and does not arise from contract. In other words, the doctrine of contribution is not founded on contract but comes from the application of principles of equity to the condition in which the parties are found in consequence of some of them, as between themselves, having done more than their share in performing a common obligation:" 13 Corpus Juris, 821. If liability to contribute rested solely upon joint tortfeasorship, one could be indirectely forced into a liability for his acts which the law did not create or recognize. Although contribution among joint wrongdoers, therefore, rests upon the existence of a joint liability, and not upon the fact of joint negligence, there need not be recovery by the injured party against both joint tortfeasors before one can enforce contribution from the other, for the right to relief from the entire burden of liability cannot rest upon the election of a plaintiff to sue one rather than both. The right exists, as an equitably implied contract, in the one against whom recovery is had, provided the other also would be legally liable for his tort.

Joint liability being the basis of contributionship, it is evident that the City's liability to the plaintiff here under the Workmen's Compensation Law is so different in character from that of the Philadelphia Rural Transit Company for its tort that no right of contribution can exist between them. The transit company contends, however, that since the Workmen's Compensation Law does not absolutely abolish an employer's liability for negligence to his employee, but makes its abolition depend upon an express or implied contract between them to take advantage of its provisions, the plaintiff and the City cannot by such a contract, to which the transit company was not a party, destroy the right to contribution which the latter would have but for the contract between the plaintiff and the City. In other words, the original defendant's contention is that others should not be permitted to contract away its rights without its consent.

Forceful and persuasive as this argument superficially appears, it loses sight of the fact that the employer's liability for negligence to his employee, where compensation is rejected, is of a different grade from the liability of an ordinary tortfeasor, since many of the ordinary defenses in such a case are abolished by the act, and the determination of their respective liabilities rests upon different principles. The liability of the two defendants, therefore, would be several rather than joint. This would defeat the right of contribution between them, for, though the Act of 1929, by its terms, permits the bringing in of additional defendants who may be "jointly or severally liable with" the original defendant, the decision of the Supreme Court in the Vinnacombe case, cited above, that the original suit and the sci. fa. proceeding are independent of each other, and that a plaintiff can never recover against an additional defendant, logically constrains us to hold that in actions for negligence only those joint tortfeasors can be brought in under the act between whom a right of contribution exists.

For the foregoing reasons, the affidavit of defense raising questions of law in the proceeding between the two defendants is adjudged sufficient, and judgment is now entered in favor of the additional defendant, the City of Philadelphia.