From William R. Toal, Media, Pa.

## Folcroft Borough v. Lenhart. No. 2.

*Lutz, Ervin, Reeser & Fronefield,* for plaintiff.
*William J. MacCarter, Jr.,* for defendant.
*C. Wilfred Conard,* for additional defendants.

MacDADE, J., July 19, 1930.—A municipal lien was filed on Feb. 3, 1927, by the plaintiff against the defendant for use of one-half interest in and right of user of a sewer constructed by the Borough of Glenolden, acquisition thereof being obtained by purchase by the plaintiffs from the said borough, the said acquisition being in accordance with the provisions of the Act of Assembly of May 14, 1915, P. L. 312, as amended by the Act of July 6, 1917, P. L. 704.

By ordinance, the plaintiff provided for the payment of a fixed sum by the defendant for use of the sewer, along whose property the same was constructed and maintained, in lieu of an annual rent, as provided by said Act of 1917.

Hence the filing of this claim or lien by the plaintiff against the defendant and the premises therein referred to for the lump sum of $729.47.

This claim for assessment was filed against the following described premises:

"The description of the property against which this claim is filed is as follows: Situate on the northeasterly side of Primos Avenue, Folcroft, Delaware County, Pennsylvania, at the distance of 125 feet southeast of the Darby and Chester Pike, containing in front on Primos Avenue 574.16 feet and extending in depth on the northwesterly line thereof 115 feet and on the southeasterly line 125 feet, and is for the cost of acquiring from the Borough of Glenolden a

one-half interest in the sanitary sewer, and the right to use the same, laid in front of and adjacent to the property hereinbefore described, the name of the owner or reputed owner being James F. Lenhart, the defendant aforesaid."

On May 14, 1927, the plaintiff released from its lien certain parts of the property, upon the request of the defendant, in consideration of the sum of $32, together with interest thereon and costs; on June 14, 1927, additional property was released for the sum of $72, and, again, on Aug. 11, 1927, another release under similar circumstances of other parts of the property for the sum of $264, totaling a payment by the defendant of approximately one-half of the entire sum claimed for assessment.

Subject to the filing of this claim for assessment, the plaintiff, on Dec. 7, 1929, and after two of the above payments by the defendant on account of the lien as filed, issued a writ of *scire facias*, to which the defendant replied by filing an affidavit of defense in the nature of a demurrer. Whereupon we filed an opinion on April 5, 1930, wherein we dismissed the exceptions, did not sustain the questions of law raised by defendant to declare the lien void, and ordered and directed that an affidavit of defense be filed within fifteen days: Folcroft Borough *v.* Lenhart (No. 1), 14 D. & C. 532.

The affidavit of defense was filed April 15, 1930, as directed.

The plaintiff has moved for judgment for want of a sufficient affidavit of defense.

The above motion for judgment is not being pressed before us to a decision at this time, awaiting the judgment of the court in proceedings to bring in additional defendants.

On April 22, 1930, the defendant filed a præcipe for a *scire facias* to bring upon the record additional defendants, the said Peter Arrighi and his wife, who has since died, presumably under the Act of April 10, 1929, P. L. 479, alleging that these additional defendants are liable over to him and/or severally liable with him for the cause of action declared on in this case, to the extent of the whole of the amount which may be recovered therein against him for the reason that said additional defendants, or either of them, are parties to a certain oral agreement between said additional defendants and the claimant, the Borough of Folcroft, wherein said borough agreed not to lien the property herein concerned in consideration of certain work done by said additional defendants, or either of them, which said work was performed by said additional defendants; and the said agreement enures to the benefit of the defendant named herein by virtue of an oral agreement or assignment, and of a certain written agreement between the said defendant, James F. Lenhart, and the said additional defendants, Peter Arrighi and Mary L. M. Arrighi, his wife, on or about July 6, 1925.

By suggestion upon record on June 25, 1930, of the death of Mary L. M. Arrighi, the said Peter Arrighi and the Fidelity-Philadelphia Trust Company are suggested as executors of her estate and to be substituted in her place and stead.

On May 23, 1930, an answer was filed to plaintiff's petition for rule for judgment and no new matters were set up, except to say (1) that the defendant denies that the claim for assessment is a proceeding *in rem*, but that it is that and also *in personam*, and (2) that the assessment has not been made equitably. This answer is practically a reiteration of his averments in the affidavit of defense.

To the *scire facias* to bring upon the record additional defendants, the latter filed an affidavit of defense raising questions of law on May 26, 1930, in which they set up the following:

"1. The *sci. fa.* does not set forth any facts by, reason of which the additional defendants are liable over to the original defendant upon the cause of action set forth in the statement of claim filed in the original action.

"2. The *sci. fa.* sets forth no facts by virtue of which the additional defendants are severally liable with the defendant upon the cause of action set forth in the statement of claim.

"3. The *sci. fa.* sets up an agreement which might be a defense for the defendant to the original action, but does not make the additional defendants liable to the original defendant or severally with the original defendant upon the cause of action set forth in the statement of claim.

"4. The *sci. fa.* avers an agreement with the borough claimant, by virtue of which the claimant might be barred from maintaining its claim as set forth in the lien, but it wholly fails to set forth any claim of the borough against the additional defendants, or either of them, or any claim upon which the added defendants, or either of them, might be liable over to the defendant, Lenhart, in event of a recovery by the claimant against him.

"5. The *sci. fa.* is for other reasons insufficient at law.

"6. The additional defendants, therefore, respectfully request the court to hear and dispose of the questions of law so raised in accordance with the provisions of section 20 of the Practice Act of 1915, and aver that said affidavit of defense is not filed for the purpose of delay."

Therefore, we really have before us an action upon a municipal lien, brought before us by an affidavit of defense in the nature of a demurrer to a writ of *scire facias* under the Act of April 10, 1929, P. L. 479, issued by the defendant, James F. Lenhart, to bring the Arrighis upon the record as additional defendants.

The defendant, in bringing in these additional defendants by *scire facias*, averred in the writ that Peter Arrighi and Mary L. M. Arrighi, his wife, are liable over to him, the said James F. Lenhart, the defendant, "and/or severally liable with him for the cause of action declared on in this case, to the extent of the whole amount which may be recovered therein against him for the reason that said additional defendants, or either of them, are parties to a certain oral agreement between said additional defendants and the claimant, the Borough of Folcroft, wherein said borough agreed not to lien the property herein concerned in consideration of certain work done by said additional defendants, or either of them, which said work was performed by said additional defendants named herein by virtue of an oral agreement or assignment, and of a certain written agreement between the said defendant, James F. Lenhart and the said additional defendants, Peter Arrighi and Mary L. M. Arrighi, his wife, on or about July 6, 1925."

To this averment of the writ the additional defendants filed the affidavit of defense raising questions of law now before us.

The first question to be considered is one of pleading. The writ avers only that the additional defendants are liable for the assessment which the plaintiff is endeavoring to recover from the defendant, to the extent of the whole of the amount of the claim, because the plaintiff had certain work done by the additional defendants and agreed as compensation therefor not to file this particular lien against the property now or while owned by the defendant, and which agreement the latter claims enures to him by reason of a collateral oral agreement or assignment between him and the additional defendants dated July 6, 1925, but of which agreement no copy is before us or made part of the pleadings, as the Practice Act of 1915 requires. It is an integral part of the defense set up by the defendant that he owes the plaintiff nothing, and as it is

basically fundamental, the defendant has irretrievably lost out in this respect. But overlooking this defect, *arguendo*, how, then, can this defendant maintain a right of action over against these additional defendants?

The writ of *scire facias* is in the nature of an action in *assumpsit*, and like a statement of claim to which it is declared to be analogous, must disclose the facts upon which the action over is founded: Vinnacombe *v.* Philadelphia et al., 297 Pa. 564, reaffirmed in First National Bank of Pittsburgh *v.* Baird, 300 Pa. 92.

This being so, any right of action over must depend upon the existence of a right of contribution between them. In such a case, therefore, the writ of *scire facias*, which must be self-sustaining and must disclose the essentials of a cause of action, should set forth, first, that both defendants and additional defendants were liable; and, second, that their joint liability occurred under such circumstances as to give rise to contribution between them under the principles laid down in the case of Goldman *v.* Mitchell-Fletcher Co., 292 Pa. 354.

If either of these averments is lacking, the writ fails to show a cause of action by the one against the other. In the writ before us, both are wanting: Cohen *v.* Philadelphia Rural Transit Co., 13 D. & C. 465.

On the contrary, it would appear from the averment of the writ that these additional defendants alone were liable and that the defendant was not even a privy to the contract except by legal implication by reason of being the assignee of an alleged oral contract between the additional defendants and the plaintiff or of a written agreement between defendant and the additional defendants.

If there is only liability to the plaintiff because of the latter's relation with the additional defendants, and it is the latter's liability, then no verdict could be rendered against the defendant and no action over could lie in his favor against the additional defendants, for it is only in the event of recovery by the plaintiff against an original defendant that an action lies against an additional defendant: Vinnacombe *v.* Philadelphia et al., *supra*.

Upon the pleadings, therefore, the affidavit of defense filed by these additional defendants is sufficient. The original suit and the *sci. fa.* proceedings are independent of each other and the plaintiff in this suit can never recover against these additional defendants, for it must pursue the original suit to a finality and against the defendant alone, and, therefore, it logically constrains us to hold that in action of *assumpsit* only those who are jointly liable and between whom a right of contribution exists can be brought in under the act.

In this discussion we have assumed that the *scire facias* sets forth facts by reason of which these additional defendants are liable over to the original defendant upon the cause of action set forth in the claim for assessment or lien filed. Certainly, if there should be a recovery against the original defendant, where does it appear in the pleadings that these additional defendants would be liable over and compelled to make any contribution to the original defendant? We fail to find such, and there are no facts stated by virtue of which the additional defendants are severally liable with the defendant upon the cause of action in the case at bar.

While the affidavit of defense to the *scire facias* sets up an agreement which might be a defense for the defendant to the original action, yet it does not make the additional defendants liable to the original defendant upon the cause of action set up in the *scire facias*, which writ or petition for such avers an agreement between the plaintiff (Borough of Folcroft), by virtue of which the plaintiff may be barred from maintaining its claim, as set forth in the lien,

but it wholly fails to set forth any claim of the borough against the additional defendants, or either of them, or any claim upon which the added defendants, or either of them, might be liable over to the defendant, Lenhart, in the event of a recovery by the plaintiff (claimant) against him.

And now, July 19, 1930, for the aforesaid reasons, after due consideration, the court doth order and decree that the affidavit of defense raising questions of law in the proceeding between the original defendant, James F. Lenhart, and the additional defendants, Peter Arrighi, and the said Peter Arrighi and the Fidelity-Philadelphia Trust Company, executors of the estate of Mary L. M. Arrighi, deceased, be and it is hereby adjudged sufficient, and judgment is now entered in favor of the additional defendants as aforesaid.

From William R. Toal, Media, Pa.