Commonwealth of Pennsylvania et al., Appellants, *v.* The American Surety Company.

Argued November 22, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld and James, JJ.

*William G. Schrier* of *Schrier & Vallilee,* for appellants.

*Paul G. Collins,* and with him *M. J. Martin,* for appellee.

OPINION BY CUNNINGHAM, J., February 1, 1934:

The question involved upon this appeal is whether two of three county commissioners, who have paid the whole of a surcharge against all three, can recover one-third of the amount thereof from the surety of the third.

These facts are averred in the statement of claim and the amendment thereto: Ruggles and Walker, the use plaintiffs below and appellants herein, together with one Crandall, were the county commissioners of Bradford County during the year 1923. Crandall, with The American Surety Company, the defendant below, as his surety, had given a bond to the Commonwealth of Pennsylvania for the use of Bradford County in the sum of $5,000, conditioned upon the faithful performance by Crandall of his duties as commissioner. Certain taxpayers of the county took an appeal from the audit of the accounts of the commissioners for that year, which resulted in a surcharge of $749. The taxpayers then appealed to this court, which affirmed the action of the court below, but increased the surcharge in the amount of $37.50. See Ruggles et al. v. Moore et al., 97 Pa. Superior Ct. 47. Pursuant to the direction of this court, judgment was entered in favor of the county and against the three commissioners in the sum of $786.50.

Further averments of the statement are: That Ruggles and Walker, themselves, paid the entire amount of the judgment, with interest, and in addition expended specified sums for costs and counsel fees, aggregating $1,163.14; that the expenses incurred were reasonable and necessary for the proper defense of the proceeding; that Crandall had failed to pay his proportionate share of the surcharge and costs; and that the present suit was therefore brought to

compel the defendant, as his surety, to reimburse appellants for one-third of the sums paid out by them.

The condition of the bond was that "Crandall [should] faithfully discharge all the duties enjoined upon him by law, as commissioner of said County of Bradford, and [should] make faithful and legal appropriation of all county and other moneys, which he, as commissioner, shall have authority to draw out of the county treasury upon checks or orders given by him, or over which the commissioners of said county shall have control."

In the fifth paragraph of the statement it was averred that he "breached the conditions of the said bond by joining with the other commissioners in 1923 in illegally appropriating and expending certain sums of money belonging to Bradford County to the following persons and in the following amounts, to wit: ....... excess salary [to their solicitor] ...... overpayment on certificate and services ...... excess mileage."

The theory upon which recovery was sought was that appellants, having paid the debt to the county, plus unavoidable expenses, are entitled to contribution from Crandall; and, therefore, have an equitable right to be subrogated to the rights of the county upon his bond.

Defendant filed a statutory demurrer upon the ground that appellants had not stated a good cause of action, because: (1) The statement failed to aver, (a) that the County of Bradford had sustained any loss or damage by reason of Crandall's alleged breach of the bond, or, (b) that there is any sum owing from Crandall to it, or, (c) that the county is demanding anything from him by virtue of the bond; and (2) The statement shows on its face, (a) that the treasurer of the county has been paid the full amount of the judgment against the commissioners, and (b) that the

bond was given solely for the protection of the county and not for the use or benefit of appellants.

The court below, EVANS, the learned President Judge of the 26th Judicial District, specially presiding, filed its opinion, holding, as matter of law, that appellants could not recover and accordingly entered judgment in favor of the defendant; the present appeal is from that judgment.

Three grounds were stated in support of the judgment: (1) The contract sued on was one of indemnity, the bond having been given for the protection of the county against any unlawful act by Crandall in connection with the performance of his official duties, "and not to indemnify and save harmless Ruggles and Walker from their own misconduct and illegal acts"; (2) Appellants, not being parties to the contract and having failed to aver any facts showing it was made for their benefit, cannot sue upon it; (3) The participation of all three commissioners in the acts which resulted in the surcharge made them such joint tortfeasors as to preclude contribution among themselves.

We have concluded that the judgment should be affirmed, but not upon all the grounds stated by the court below—particularly the third.

Upon this record, we are not prepared to say that Ruggles and Walker cannot enforce contribution from Crandall. Whether they can or cannot depends upon the quality of the joint acts, and this, in turn, upon many circumstances not now before us.

The court below refers to the averment by Ruggles and Walker, above quoted from the statement in this case, that Crandall breached his bond by joining with them "in illegally appropriating and expending certain sums of money belonging" to the county; this is not an admission that the payments resulted from an intentional violation of law or flowed from a corrupt motive.

On the other hand, the statement also refers by number and term to the proceeding in the court below by taxpayers in 1924 and to their appeal to this court. Counsel for appellants point out in their brief that the court below there said: "There is no evidence to impeach the acts of the accountants [the commissioners] either for bad faith or negligence. Such surcharges as they have incurred are due to error of judgment in matters of statutory regulation."

There is nothing in the former opinion of this court which in any way differs with the above characterization of the acts of the commissioners.

Whether, under the principles summarized in Goldman et al. v. Mitchell-Fletcher Co., 292 Pa. 354, 141 A. 231, the joint acts of the commissioners were such that appellants cannot enforce contribution from Crandall is an open question; it is not properly involved upon this appeal and we express no opinion upon it.

In our view of this case, the solid ground upon which the judgment for the defendant may be rested is the established principle that, in a situation such as is here present (i. e. where the litigants were not in the same class), subrogation may be successfully invoked only by one, who being secondarily liable, has paid to the creditor the debt due from a principal debtor. Such an one is entitled to use all the rights and remedies which the creditor himself might have employed against the principal debtor, including the right to sue, not in his own right but by succession to the rights of the creditor, upon an obligation given to the creditor and to which the person entitled to subrogation is not a party.

Appellant's difficulty, however, is that they were not secondarily but *primarily* liable to the creditor, the County of Bradford. Crandall, and not the defendant surety company, was the principal debtor here; although a party to the bond, it executed the instru-

ment as Crandall's surety. Appellants did not pay any debt which it owed the county; they merely paid the debt which they themselves, along with Crandall, owed the county as principal debtors. The defendant never was in the same class of obligors as were the commissioners. Hence, the denial to appellants of the right to proceed against the surety company on the bond is not, strictly, a denial of subrogation, but is merely saying that the right to subrogation does not accrue in favor of parties primarily liable against a party secondarily liable.

Counsel for appellants cite the following quotation from Goldman et al. v. Mitchell-Fletcher Co. supra, at p. 357:

" 'A surety who pays a debt which has been reduced to judgment, is entitled to have the judgment kept alive for his benefit, and to enjoy, as against the principal debtor, ...... exactly the same advantages which could have been claimed by the judgment creditor': Bispham's Principles of Equity (10th ed.), sec. 336. 'Subrogation is an equity called into existence for the purpose of enabling a party secondarily liable, but who has paid the debt, to reap the benefit of any securities or remedies which the creditor may hold as against the principal debtor and by the use of which the party may thus be made whole': Ibid., sec. 335. 'The general rule is well settled that if a surety has paid a debt, he is entitled to all the securities the creditor had against the principal debtor. If the claim be in judgment, he is entitled to be subrogated of record. Even if the judgment has been marked satisfied on the record, the surety paying is entitled to be subrogated': Wright v. Grover & Baker Co. 82 Pa. 80; Lackawanna Trust & Safe Deposit Co. v. Gomeringer, 236 Pa. 179."

The quotation, however, itself contains the refutation of the argument in support of which it is cited. It makes it abundantly clear that the right of subro-

gation exists only against a principal debtor. Contribution and subrogation are based upon equitable principles; they are invoked to compel payment by one who is justly liable for the whole debt or his share of it. Under all the facts pleaded in this statement, appellants, while they may have a right to enforce contribution from their fellow principal debtor, have, for the reasons herein stated, no legal right to maintain an action against the surety on the bond given by him to protect the County of Bradford.

Judgment affirmed.