612

UNION PAVING CO. v. THOMAS et al.
No. 8727.

United States District Court
E. D. Pennsylvania.
Nov. 3, 1949.

Raymond A. White, Jr., Philadelphia, Pa., for plaintiff.

J. Paul Erwin, Philadelphia, Pa., for defendants.

WELSH, District Judge.

On December 12, 1946, at about midnight, one Jeremiah M. Downey, while operating his motor vehicle westwardly on the Lincoln Highway, near Strafford, Chester County, Pennsylvania, drove said motor vehicle into an excavation in the road which was about twenty feet long, six feet wide and six feet deep. As a result, said Jeremiah M. Downey sustained personal injuries and property damages for which he instituted an action in trespass against the Union Paving Company on May 8, 1947.

The Union Paving Company appealed to the Circuit Court of Appeals for the Third Circuit and the appeal was dismissed on March 12, 1949 and the judgment, interest and costs were paid by the Union Paving Company on March 23, 1949.

In the meantime, on July 26, 1948, the plaintiff had brought the present suit against the defendants, W. Carroll Thomas and John Caputo, individually and trading as C. & T. Construction Company, seeking to have awarded to it contribution in the amount of $5,875.40. The complaint alleges that the accident described above for which Downey recovered a verdict was caused by the joint negligence of the plaintiff and defendants who were, by virtue of a contract between themselves and the said Union Paving Company, in control with the Union Paving Company of the work being performed at the place of the aforesaid accident.

The matter is now before the court on defendants' motion to dismiss the complaint. The contentions in support of said motion are: a. Under the law plaintiff is not entitled to contribution from a joint tort-feasor, and b. The failure of plaintiff to bring defendants in as additional

parties in the case of Downey v. Union Paving Compnay bars the present claim.

■ 1. Originally, the rule in Pennsylvania was that between joint tort-feasors there was no contribution. Turton v. Powelton Electric Co., 185 Pa. 406, 408, 39 A. 1053; Oakdale Borough v. Gamble, 201 Pa. 289, 291, 50 A. 971. That rule was changed in Goldman v. Mitchell-Fletcher Co., 292 Pa. 354, 141 A. 231, so as to limit its application to cases where there has been an intentional violation of the law, or where the wrongdoer knows or is presumed to know that the act was unlawful. Since then contribution among joint tortfeasors has been allowed, except in circumstances where it would be inequitable. This action of the Supreme Court was, in effect, confirmed by the Legislature by the Act of June 24, 1939, P.L. 1075, 12 P. S. § 2081, which provides: "Contribution shall be enforcible among those who are jointly or severally liable for a tort where, as between them such liabilities are either all primary or all secondary." See Fisher v. Diehl, 156 Pa.Super. 476, 40 A. 2d 912.

■ 2. In rejecting defendants' contention—that the failure of plaintiff to bring defendants in as additional parties in the case of Downey v. Union Paving Company bars the present claim—we need to refer to only two cases. Fisher v. Diehl, supra; and Mazzo v. F. W. Woolworth Co., 139 Pa.Super. 242, 11 A.2d 683. In the former the court held that the substantive legal right to contribution from a joint tort-feasor should not be affected or denied by the purely procedural statute or rule enacted or promulgated for convenience and to avoid multiplicity of actions. In the latter the court stated that recourse to the Act of April 10, 1929, P. L. 479, and its amendments, 12 P.S. § 141, empowering him to sue out a writ of scire facias to bring additional defendants upon the record, is wholly voluntary, and his failure to take advantage of the enabling provisions of the statute affects none of his legal rights in the action against him or against those who may be liable to him,

because of legal duties growing out of the cause of action sued upon.

In conclusion, even if the provisions of the Act of 1929, empowering a defendant to sue out a writ of scire facias to bring additional defendants upon the record, were construed to defeat the substantive rights of a defendant where he fails to take advantage of said provisions, the contention of defendant would still be of no avail. For in our view of the matter, Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., is applicable to third party actions brought in the Federal District Courts. It is clear that said Rule 14 confers upon a defendant the right to bring additional defendants which he may exercise or ignore as he sees fit. It was not the intent of the legislature in promulgating the Rules to defeat substantive rights in a case where there has been an election not to utilize such right.

3. The motion to dismiss is denied. An order will be entered in accordance with the foregoing opinion.