Suzanne T. CANAVIN

v.

Dr. Sudhir NAIK, Defendant and Third Party Plaintiff,

v.

CONSOLIDATED RAIL CORPORATION, Third Party Defendant.

Civ. A. No. 85–4263.

United States District Court, E.D. Pennsylvania.

Oct. 10, 1986.

Patricia Pierce, Philadelphia, Pa., for plaintiff.

Joseph F. Ricchiuti, Philadelphia, Pa., for defendant.

Jacqueline Allen, Philadelphia, Pa., for third party defendant.

## MEMORANDUM AND ORDER

DITTER, Judge.

Plaintiff alleges that defendant, Dr. Sudhir D. Naik, intentionally sexually assault-

ed and battered her under the guise of conducting a medical examination while both were employed by Conrail. Defendant denies that his examination of plaintiff was improper and has brought a third party action against Conrail for contribution or indemnification. Conrail and Dr. Naik have each moved for summary judgment on the third party action. Alternatively, Dr. Naik has moved for summary judgment on plaintiff's complaint. For the reasons which follow, I will grant Conrail's motion and deny Dr. Naik's.

Conrail contends that it is entitled to summary judgment on the third party action because neither contribution nor indemnification are available to an intentional tort-feasor. Dr. Naik counters by arguing that he and Conrail are joint tort-feasors and, therefore, he is entitled to either contribution pursuant to the Uniform Contribution Among Tort-feasors Act, 42 Pa. Cons.Stat.Ann. § 8324 (Purdon 1982), or to indemnification.

■ It is well settled under Pennsylvania law that contribution among joint tort-feasors is based upon equitable principles which preclude an intentional tort-feasor from obtaining contribution for his own willful wrongdoing. *See Walters v. Hiab Hydraulics, Inc.,* 356 F.Supp. 1000, 1001–02 (M.D.Pa.1973); *Cage v. New York Central Railroad Co.,* 276 F.Supp. 778, 788–91 (W.D.Pa.1967), *aff'd per curiam,* 386 F.2d 998 (3d Cir.1967); *Union Paving Co. v. Thomas,* 9 F.R.D. 612, 613 (E.D.Pa.1949); *Restatement (Second) of Torts* § 886A comment a (1979). Indemnity is likewise unavailable to an intentional tort-feasor because it would permit him to escape liability for his own deliberate acts. *See Anderson v. Local Union No. 3, International Brotherhood of Electrical Workers,* 582 F.Supp. 627, 631–33 (S.D.N.Y.1984), *aff'd,* 751 F.2d 546 (2d Cir., 1984); *Delano v. Ives,* 40 F.Supp. 672, 674 (E.D.Pa.1941); *Embrey v. Borough of West Mifflin,* 257

Pa.Super. 168, 390 A.2d 765, 774 (1978); *Restatement (Second) of Torts* § 886B comment a (1979). Consequently, assuming without deciding that Conrail and Dr. Naik are joint tort-feasors, Dr. Naik has no right to either contribution or indemnification against Conrail for any liability based upon plaintiff's allegations of intentional assault and battery on his part. Thus, Dr. Naik has nothing to gain from a judicial determination that he and Conrail are joint tort-feasors. It follows he is not entitled to join Conrail as a third party defendant. *See Young v. Verson Allsteel Press Co.,* 524 F.Supp. 1147, 1148–50 (E.D.Pa.1981) (citing *Griffin v. United States,* 500 F.2d 1059, 1071–73 (3d Cir.1974)). Accordingly, summary judgment will be entered in Conrail's favor on the third party complaint.

■ Alternatively, Dr. Naik has moved for summary judgment on the complaint contending that plaintiff's prior release of Conrail also released him despite plaintiff's express reservation of claims "for any independent or intentional act or activities of Doctor Sudhir D. Naik." In support of his position, defendant contends that Conrail and he are not *joint* tort-feasors under the Uniform Contribution Among Tort-feasors Act and, therefore, are not governed by section 8326 which provides that the release of one joint tort-feasor does not discharge the other tort-feasors unless the release so provides. Instead, defendant argues, they are governed by the Pennsylvania common law rule providing that the release of a *successive* or *concurrent* tort-feasor effects the release of all tort-feasors, even though the release expressly states otherwise. *See George v. Brehm,* 246 F.Supp. 242, 246 (W.D.Pa.1965) (citing *Thompson v. Fox,* 326 Pa. 209, 192 A. 107 (1937)).[1]

Defendant's motion must be denied for two reasons. First, he has submitted no evidence from which I could conclude that

---

**1.** I note that the continuing vitality of this rule has been questioned, and with good reason. *See Rutherford v. Gray Line, Inc.,* 615 F.2d 944, 949 (2d Cir.1980) (construing joint tort-feasor under Pennsylvania law broadly and holding that release of secondarily liable tort-feasor did not release primarily liable tort-feasor). *See also Restatement (Second) of Torts* § 885 comment C (1979).

he and Conrail are other than joint tort-feasors. Second, although plaintiff did not acknowledge in the release that Conrail is a joint tort-feasor, she adopts this position in her answer to defendant's motion for summary judgment. *See Mazer v. Security Insurance Group,* 507 F.2d 1338, 1342 (3d Cir.1975) (en banc) (joint tort-feasor status of settling party could, for purposes of release section under the Act, be established by plaintiff's concession that settling party was a joint tort-feasor).

In short, for the purpose of determining the effect of the release, defendant is a joint tort-feasor who, in any event, is not entitled to either contribution or indemnification because of his alleged intentional acts.

An order follows.