BIRDSONG et al. v. GENERAL MOTORS CORP. (JACOBS BROS. CHEVROLET, third-party defendant).

Civ. A. No. 11302.

United States District Court
E. D. Pennsylvania.

June 30, 1951.

Richter, Lord and Farage, of Philadelphia, Pa., for plaintiffs.

Harry R. Axelroth, of Axelroth & Porteous, of Philadelphia, Pa., for defendant and third-party plaintiff.

Harold Scott Baile, of Philadelphia, Pa., for third-party defendant.

BARD, District Judge.

This action is now before me on third-party defendant's motion to dismiss the third-party complaint.

Plaintiffs, residents of Philadelphia, Pennsylvania, filed a complaint against General Motors Corporation, a Delaware corporation, alleging that General Motors manufactured and delivered to its distributor a 1949 Chevrolet sedan with defective brakes and safety equipment, that these defects remained in the Chevrolet down to the time of delivery to plaintiffs, that as a result of these defects an accident occurred in which plaintiffs were injured. Recovery is predicated upon the theory that General Motors was negligent in causing these defects and in permitting them to remain in the Chevrolet, and on the theory that these defects breached the warranty of fitness for purpose.

General Motors filed a third-party complaint against Jacobs Brothers Chevrolet, a resident of Philadelphia, Pennsylvania, the dealer who sold plaintiffs the Chevrolet sedan. The third-party complaint alleges that if plaintiff's accident was caused by the failure of or a defect in the brakes, "it was due solely to third party defendant's negligence in failing to properly and efficiently adjust and repair said brakes" when the automobile was in for servicing, and demands judgment against Jacobs Brothers for all sums General Motors is found liable to plaintiffs.

Jurisdiction of this case is based upon diversity of citizenship.

Under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C., which controls third-party practice, plaintiffs cannot amend their pleadings to allege a cause of action in this Court against Jacobs Brothers because there is no diversity of citizenship

between them. Morris, Wheeler & Co., Inc., v. Rust Engineering Co., D.C., 4 F. R.D. 307.

■ Therefore, plaintiffs' action involves only their claim against General Motors. To recover a judgment plaintiffs must prove that General Motors negligently manufactured and delivered to Jacobs Brothers this Chevrolet with defective brakes and safety equipment, regardless whether recovery is based upon that negligence or upon breach of warranty by such negligence.

■ For General Motors to recover in its third-party action, it must show that it is entitled to indemnity or contribution in whole or in part from Jacobs Brothers.

■ The primary responsibility for negligently manufacturing and delivering to its dealer an automobile with defective brakes or safety equipment is upon the manufacturer, irrespective of the dealer's duty to inspect the automobile and repair the defects before selling it to the ultimate user. The user could sue and recover damages for such negligent manufacture from the dealer, but the dealer could obtain complete indemnity from the manufacturer. MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916F, 696; Foley, Executrix, v. Pittsburgh-DesMoines Company, 363 Pa. 1, 28–32, 68 A.2d 517; Restatement, Torts, §§ 395, 396.

Thus Jacobs Brothers cannot under any theory be held liable to General Motors on plaintiffs' claim against General Motors.

■ General Motors' third-party complaint in effect alleges that plaintiffs' injuries were caused, not by General Motors' negligence in manufacturing defective brakes on plaintiffs' Chevrolet, but solely by Jacobs Brothers' negligence in adjusting, servicing and repairing these brakes on various occasions. If proved, this is a valid defense to plaintiffs' claim but it is not a valid theory for transferring liability under plaintiffs' claim.

Accordingly, third-party defendant's motion to dismiss the third-party complaint is hereby granted.