## Fish v. Ingerick

*Linton & Walrath*, for plaintiff.

*Farr & Spencer*, for defendant.

WEBB, P. J., November 14, 1955.—The plaintiff brings this action in assumpsit seeking contribution for damages under the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 PS §2082. Defendant filed a preliminary objection in the nature of a demurrer in which he contends plaintiff fails to state a cause of action upon which relief can be granted. The following are the pleaded facts:

Plaintiff, on August 18, 1953, while operating a 1949 Mercury sedan, collided with a car driven by defendant, who was the owner and operator of a 1950 Hudson two-door sedan, at the intersection of highway route 84 with highway route 15. Plaintiff had as a passenger a minor child, to wit: Donald Carr, of the age of 16 years.

Donald Carr received personal injuries which were due to the negligence of both plaintiff and defendant.

On December 31, 1954, Donald Carr, by Janet Carr, his parent, brought suit against both plaintiff and defendant in the Court of Common Pleas of Tioga County, to January term 1955, no. 88, demanding damages in the amount of $1,550.

On January 4, 1955, a petition was filed by Janet Carr, Guardian of Donald Carr, seeking the court's approval and permission to settle the suit instituted on behalf of the said Donald Carr for the full amount of the damages claimed. The court granted the petition of plaintiff to pay said damages in full, which amount was paid by plaintiff to Janet Carr as parent and natural guardian of Donald Carr on January 6, 1955.

Donald Carr, a minor, by Janet Carr, his parent and natural guardian, has released plaintiff, Herman G. Fish, and defendant, Ivan Ingerick, from any and all claims for injuries resulting from the automobile accident of August 18, 1953. The liability of both plaintiff Fish and defendant Ingerick resulting from said accident has been extinguished.

Plaintiff has demanded of defendant a contribution of 50 percent of the amount of damages paid to Janet Carr, guardian of Donald Carr, or $775, under the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, which defendant refuses and continues to refuse to pay. This suit is brought to recover from defendant 50 percent of the total amount of damages paid to Janet Carr, parent and natural guardian of Donald Carr, or $775.

There is one broad over-all question raised by this demurrer. Can one of two defendants joined in an action as joint tortfeasors settle with the injured party in full of all damages claimed prior to trial and adjudication, and properly bring an action in assumpsit against the other tortfeasor for contribution under the Uniform Contribution Among Tortfeasors Act of 1951, P. L. 1130?

So far as we can ascertain, the questions raised by defendant's demurrer have not been decided by the courts of Pennsylvania in any reported cases.

In his argument, counsel for defendant raises three issues. The first of these is as follows:

"The defendant is not a joint tortfeasor under the Uniform Contribution Among Tortfeasors Act and therefore the plaintiff has no right to contribution."

Defendant argues that one joint tortfeasor cannot be held liable unless he voluntarily admits liability or unless, in the case at bar, Carr had secured a judgment against defendant Ingerick. With this proposition, we do not concur.

The Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, sec. 1, defines tortfeasors as follows:

"For the purposes of this act, the term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them."

This clause is somewhat ambiguous, but we interpret it to mean that it is not necessary for the injured party to secure a judgment against any one or more persons who might be liable in damages to the injured person in order to fix their liability as joint tortfeasors as among themselves. That a judgment obtained in favor of the injured party and against two or more persons would definitely fix their liability as joint tortfeasors, there can be no doubt. It is not, however, an exclusive method of so fixing their liability.

That this is true is implicit in the second section of the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 PS §2083. This section provides inter alia:

"(1) The right of contribution exists among joint tortfeasors; . . . (3) A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement."

While the provisions of clause (3) of this section are expressed in the negative, the inference is clear that if one joint tortfeasor settles in full with the injured person for himself and also extinguishes any claim that the injured party may have against any other joint tortfeasors, he has a right of contribution from the other tortfeasor.

That is the situation in the case at bar. Carr sued both plaintiff Fish and defendant Ingerick. Prior to trial, Fish settled with Carr for all his damages arising from the accident and extinguished any claim that Carr might have against Ingerick.

If he has a right of contribution, that right could be enforced only by an action at law. In such an action the liability of the other tortfeasor and the amount of the settlement could be adjudicated. If the jury felt that the other tortfeasor was liable but that the amount of the settlement was excessive, it could so indicate by the amount of its verdict.

The second issue raised by defendant is as follows:

"The Uniform Contribution Among Tort Feasors Act has no procedure whereby a joint defendant who settles a claim with plaintiff can bring action against the other joint defendant for contribution, before plaintiff's claim against other joint defendant has been adjudicated or liability determined."

In support of this proposition, defendant argued that Herman Fish, if he believed he was liable, should have entered into an agreement with Donald Carr fixing the amount of his liability alone and requesting the court to discontinue the action against him, and that Carr could then proceed against Ingerick. If Ingerick was then found liable, he would have a right of contribution from defendant Fish, who settled his claim, but the latter would be allowed to set off his pro rata share of the contribution to the extent of his money settlement.

There is no doubt that this procedure as outlined above is provided for in section 4 of the Uniform Contribution Among Tortfeasors Act. This, however, is optional with the injured party. As shown in our discussion above, we are of the opinion it is not the sole method of adjudicating the rights between joint tortfeasors when one joint tortfeasor has entered into a settlement in full for all damages claimed by the injured party against all joint tortfeasors.

To hold otherwise would put a premium upon litigation. It would mean that one codefendant could not settle with the injured party for the whole amount of the damages sought against all joint tortfeasors and have any subsequent hope of contribution at all. This would be neither fair nor just. Settlement in full by one defendant also has the advantage of giving full redress to the innocent injured party without subjecting him to the rigors and delays of a trial. It has been the longstanding policy of the law to encourage and favor settlements.

As far as the other tortfeasor is concerned, what difference does it make whether his rights are adjudicated in a suit brought by the injured party or by the other tortfeasor? He has his day in court in any event.

The third issue raised by defendant is as follows:

"Generally speaking, one cannot bring an action in assumpsit for a liability that can be determined only in tort."

It is the position of defendant that an action cannot properly be brought in assumpsit for contribution, since an action in assumpsit may not be established merely by proof of negligence of defendant. He argues that the only cases where one may waive the tort and sue in assumpsit are cases brought on the breach of an express or implied warranty. With this, we do not agree.

In the case of Gayman v. Beltzhoover, 77 D. & C. 1, the facts showed that the parents of defendant Beltzhoover had brought an action against Gayman alone to recover damages to their motor vehicle resulting from a collision of their vehicle driven by defendant Edward Beltzhoover, with the vehicle driven by Gayman. The jury brought in a verdict for plaintiffs and against Gayman with a finding by the jury that both Beltzhoover and Gayman were negligent. Gayman brought a suit in trespass against Beltzhoover for contribution. Defendant Beltzhoover filed preliminary objections contending that the action should have been brought in assumpsit instead of in trespass.

The court sustained the preliminary objections and, in an opinion written by Judge Sheely, after an exhaustive review of the authorities, held:

"Assumpsit rather than trespass is the proper form of action in which the right of a tortfeasor to contribution from his joint tortfeasor should be asserted, since the right of recovery is based not on the tort liability but on the implied obligation of the one to pay back that which the other has paid on his behalf."

In its opinion, explaining its reasons, the court said, inter alia:

"It is plaintiff's theory that, since his right to impose liability upon defendant depends upon his ability to prove that defendant's negligence contributed to the happening of the accident on which the prior judgment was based, the action would properly be trespass. *The error of this theory lies in the fact that it is not the nature of the proof required that determines the form of action to be brought, but it is the nature of the right sought to be enforced.* The authorities above quoted fully demonstrate that, while the right of the injured party is in tort and, therefore, properly asserted in trespass, the right of contribution between the joint tortfeasors is not in tort but is based on the

implied undertaking and is, therefore, properly asserted in assumpsit, and that even though the rights be adjudicated in the trespass action brought by plaintiff, the judgment entered will, as between defendants, be treated as a judgment in assumpsit." (Italics supplied.)

It is our opinion that plaintiff Fish has stated a good cause of action and the action is properly brought in assumpsit.

## Order

And now, November 14, 1955, it is, therefore, ordered that defendant's preliminary objections in the nature of a demurrer be dismissed and leave is granted defendant to file an answer to plaintiff's complaint within 20 days from the date of filing this order.