Swartz, Appellant, *v.* Sunderland.

Argued March 14, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Robert Siegel,* with him *Siegel and Siegel,* for appellant.

*Albert Houck,* for appellee.

OPINION BY GUNTHER, J., June 15, 1960:

This appeal involves the interpretation of the Uniform Contribution Among Tortfeasors Act of 1951, July 29, P. L. 1130, 12 P.S. 2082.

On April 22, 1957, an accident occurred on U. S. Highway Route 22 in Oliver Township, Mifflin County, involving appellant, Milton Swartz, and Burnice H.

Stauffer. Appellant was driving a Buick automobile in an easterly direction on said highway when he collided with a Chevrolet station wagon, traveling in a westerly direction, owned by the BKW Coach Line, Inc., and operated by Mrs. Stauffer, in which Harold F. Stauffer was riding as a guest passenger. Appellee, Steward M. Sunderland, allegedly was traveling in a westerly direction and was passing the station wagon. In order to avoid a head-on collision, appellant was compelled to apply his brakes which caused his vehicle to cross over to the westbound lane and collide with the station wagon. As a result of the collision, both the station wagon and appellant's car were damaged. Appellant's damage to his automobile is not here involved. The station wagon repairs amounted to $949.48 and the sum of $200.00 was expended by BKW Coach Lines, Inc., for towing and loss of use. In addition, both Burnice H. Stauffer and Harold F. Stauffer sustained severe personal injuries.

Appellant alleged that the damages were caused as the direct and proximate cause of the carelessness of appellee. It was also alleged that the Stauffers claimed appellant to have been the negligent party and that appellant claimed that both he and appellee were joint tortfeasors. On October 28, 1957, without any suit having been filed for the recovery of the damages, appellant discharged the alleged common liability of himself and appellee by paying Burnice H. Stauffer and Harold F. Stauffer $1,001.50, and by paying to BKW Coach Line, Inc., $1,049.48. Releases were obtained from said parties in favor of both appellant and appellee.

On August 1, 1958, appellant filed a suit in assumpsit against appellee to recover contribution of one-half of the amount paid for the two releases obtained, basing his claim under the Uniform Contribution Among

Tortfeasors Act, supra. Appellee filed preliminary objections to the complaint, denying the right to bring such an action in assumpsit because the liability of neither appellant nor appellee for the tort and damages was ever adjudicated. The court below, after argument, sustained the preliminary objections and entered a decree in favor of appellee. From this adjudication the present appeal was filed.

Appellant contends here that under the Uniform Contribution Among Joint Tortfeasors Act, supra, he had a right of action for contribution, regardless of the formal entry of suit by the injured parties or the recovery of a verdict or judgment by them against either appellant or appellee. It is contended that the liability of the respective parties in this appeal could have been adjudicated in the assumpsit action.

The question to be resolved, therefore, is whether contribution may be sought by a party who voluntarily paid and entered into a settlement with the injured third parties who have released both joint tortfeasors for damages when no suit was entered or judgment recovered by such third parties?

The appellate decisions in Pennsylvania uniformly indicate that in order for a tortfeasor to seek contribution against a joint tortfeasor by a separate suit in assumpsit, the basis for such action must be predicated on liability for the wrong established by a judgment: *Horbach's Administrators v. Elder,* 18 Pa. 33; *Armstrong County v. Clarion County,* 66 Pa. 218; *Goldman et al. v. Mitchell-Fletcher Co.,* 292 Pa. 354, 141 A. 231; *Maio v. Fahs,* 339 Pa. 180, 14 A. 2d 105; *Trerotola v. Philadelphia et al.,* 346 Pa. 222, 29 A. 2d 788; *Bausewine v. Norristown Herald, Inc.,* 351 Pa. 634, 41 A. 2d 736; *Smith v. Petaccio,* 384 Pa. 74, 119 A. 2d 797; *Pasquinelli v. Reed et al.,* 174 Pa. Superior Ct. 566, 102 A. 2d 219. Even the statute of limitations

does not begin to run on the claim for contribution against a joint tortfeasor until liability attaches by judgment. *Rudman v. City of Scranton,* 114 Pa. Superior Ct. 148, 173 A. 892; *Ashley v. Lehigh & Wilkes-Barre Coal Company,* 232 Pa. 425, 81 A. 442.

The enactment of the Uniform Contribution Among Joint Tortfeasors Act, supra, did not change this provision of the decisional law. Section 1 of said Act provides: "For the purpose of this act, the term 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not *judgment has been recovered against all or some of them.*" Section 3 provides that "The recovery of a *judgment* by the injured person against one joint tortfeasor does not discharge the other joint tortfeasors." (Emphasis supplied). It seems clear from the wording of the Act that a judgment is contemplated upon which the claim for contribution is based.

The Commissioners' note to section 1 of the Act (9 Uniform Laws Annotated 233) is as follows: "Thus if the injured person, P, is hurt by the concurrent negligence of A and B and recovers judgment in a suit only against A, contribution may be recovered by A against B in a separate action. . . ." The common obligation contemplated by this Act is the common liability of tortfeasors to suffer adverse judgment at the instance of the injured person, whether or not the injured person elects to impose it.

While the National Conference of Commissioners on Uniform State Laws proposed a revised act in 1955 which, if enacted in Pennsylvania, would have materially changed the previous rulings of our appellate courts, imposing the right of contribution "even though judgment has not been recovered against all or any of them," the proposed revision was not enacted by our

Legislature and the sections quoted remained as enacted in 1951. It seems apparent, therefore, that the Legislature did not intend to abolish the need for a judgment as the basis for the claim for contribution. Cf. *Hilbert v. Roth,* 395 Pa. 270, 149 A. 2d 648.

We have discovered no decision which declares that a right to contribution may be enforced against a joint tortfeasor who has not been made a party to litigation commenced by the injured third party and whose liability for the tort has not been passed upon. To permit a right of action for contribution where one of the joint tortfeasors voluntarily settles a claim, without notice to and in complete ignorance of the other alleged joint tortfeasor could invite untold collusion, malpractice and harm which could not be corrected in the subsequent action for contribution. While there is authority which seems to indicate the right to contribution from a joint tortfeasor in situations where the joint tortfeasor has been made a party to the original tort litigation, and during the course of such litigation a settlement is consummated with the knowledge and consent of both joint tortfeasors (see *Platt v. Reynolds,* 166 F. Supp. 900; *Fish v. Ingerick,* 5 Pa. D. & C. 2d 209), we have found no case which holds that a settlement, prior to suit, gives a right of action to one tortfeasor against another joint tortfeasor. Appellant relies upon *Fish v. Ingerick,* supra, for the proposition that the right to bring an action for contribution exists in just such a situation as the instant case. However, an examination of that case reveals that both tortfeasors were parties to a litigation instituted by the injured third party and that settlement was thereafter made by one of the tortfeasors, apparently with the consent of the other. We, however, cannot agree with that case as authority for the commencement of an action for contribution by one tortfeasor against a joint tortfeasor under the facts of the instant case.

Appellant urges that if such procedure as here resorted to is not sanctioned, the failure to do so would only promote litigation and prevent settlements out of court regardless of how meritorious such claim may be. The answer to such a contention is that settlements out of court are made every day and will continue to be made. Since our procedural rules provide for and permit the adjudication of claims asserted against several parties involved in a common tort, we do not construe adherence to well established procedures as promoting multiplicity of suits. On the contrary, if liability for contribution can be adjudicated in the original tort action, the need for additional actions can be eliminated.

Decree affirmed.