## Witherow v. Silvis

*C. Henry Nicholson*, for plaintiff.

*H. Ray Pope, Jr.*, for defendant.

FLICK, P. J., April 30, 1963.—Before the court are defendant's preliminary objections to plaintiff's complaint in assumpsit. The objections are in the nature of: (A) motion to strike; (B) demurrer; and (C) nonjoinder of necessary party.

In his complaint plaintiff, Paul J. Witherow, avers that a motor vehicle operated by him, and a motor vehicle operated by defendant, Ray Silvis, collided on March 8, 1957, with resulting injuries to Pearl A. Silvis, defendant's wife; that defendant and his wife sued plaintiff in trespass at February term 1958, no. 10, and the jury found: "In favor of Pearl Silvis against Paul J. Witherow in the amount of $4,737.08, and for defendant and against Ray C. Silvis"; that the verdict was paid on behalf of Paul J. Witherow, defendant in that action and plaintiff in the instant case, and contribution of one-half requested from Ray C. Silvis, who has refused to pay the same. This suit is brought for such contribution, $2,368.54 plus interest from June 18, 1958, the date of payment.

The complaint also avers that the collision was due to the contributing negligence of Ray C. Silvis, defendant, and the particulars of such negligence are also averred.

In lieu of an answer to the complaint, defendant filed the preliminary objections thereto which are now before the court. Plaintiff then filed a response to defendant's preliminary objections. The matter was listed for a hearing and argued before the court. Plaintiff's counsel has filed a brief and a supplementary brief. Defendant's counsel notified the court by letter:

" I do not intend to file a brief in this case, because there is nothing further that I can add to our previous position that since Mr. Witherow brought his action against Mr. Silvis at February term, 1958, no. 8, and the jury found for the defendant in the case, Mr. Witherow cannot now recover any amount as a result of the same accident, which was the basis for the prior litigation."

The three types of preliminary objections made by defendant will be considered in order as the same appear.

## A. *Motion to Strike*

Defendant claims the complaint is not in conformity to law for two reasons. The second reason stated is that the complaint alleges it is brought by plaintiff, Paul J. Witherow, "by his counsel, Herbert E. Varnum, whereas the attorney who signed the endorsement and who is indicated as the person upon whom papers may be served, is C. Henry Nicholson." There is no merit to this ground. One would assume that Varnum is plaintiff's counsel in chief and Nicholson his local counsel. In any event, the response to defendant's preliminary objections states that the matter is not an error of substance and will be corrected by an amendment to the complaint. As long as defendant knows plaintiff's attorney on whom papers may be served, he is not prejudiced.

The first reason stated is that the allegations of the complaint *involve* a claim for personal injuries which occurred on March 8, 1957, and the suit was not started until more than two years later. Plaintiff's response notes that the instant case is not a claim for personal injuries but an assumpsit action for contribution by an alleged joint tortfeasor, and that the six-year statute of limitations on such a claim has not run. Plaintiff in this case brought a trespass action based on such a claim at February term 1958, no. 8, and his action was tried by a jury at a consolidated trial with the trespass action brought by defendant in the instant case and Pearl Silvis, his wife, as plaintiffs, against plaintiff in this case at February term 1958, no. 10. The jury verdict in plaintiff's trespass action against defendant was for defendant. This verdict, if plaintiff's trespass action had been tried alone, could have been based on a finding by the jury that defendant was not negligent, or that neither party was negligent, or that both were negligent [defendant negligent and plaintiff contribuorily negligent]. However, plaintiff's trespass action was not tried alone.

By consolidation the same jury tried both cases and returned a verdict in the other trespass action arising out of the collision, the suit by defendant and wife against plaintiff in the instant case, and the verdict in that action clearly indicated that the verdict in plaintiff's separate trespass action against defendant was based on a finding that both parties were negligent. This must be so because the jury awarded the wife-plaintiff a verdict of $4,373.08 against plaintiff in the instant case but did not allow coplaintiff, her husband, a verdict; as to the husband's claim, the verdict was for defendant, who is plaintiff in the instant case.

The two verdicts rendered by the jury in the consolidated trial are not in conflict. They harmonize. It is clear that the jury found the collision to have been caused by the negligence of plaintiff in the instant case, Paul J. Witherow, and that Ray Silvis, defendant in the instant case, was also negligent and his negligence was a contributing cause of the collision. Such findings are the basis of plaintiff's claim in the instant case and will be referred to later.

"The right to contribution is an equitable right based on a common liability to the plaintiff. Such right did not exist at early common law between joint tortfeasors. Gradually the strict rule of no contribution became riddled with exceptions. See Goldman v. Mitchell-Fletcher Co., 292 Pa. 354, 141 Atl. 231 (1928). In 1939 the Legislature passed an act permitting contribution among joint tortfeasors. Act of June 24, 1939, P. L. 1075, sec. 1. This Act was repealed in 1951 and replaced by the Uniform Contribution Among Tortfeasors Act": J. W. Brown, Jr., Equip. R. Corp. v. Dickey, 397 Pa. 454, 459.

The pertinent provisions of the uniform act, July 19, 1951, P. L. 1130, 12 PS §2081, et seq., are as follows:

"Section 1. For the purpose of this act, the term 'joint tortfeasors' means two or more persons jointly

or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them.

"Section 2. (1) The right of contribution exists among joint tortfeasors; (2) A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof:
. . ."

The uniform act affirms the right of contribution among joint tortfeasors when the injured party has obtained a judgment against at least one of them. See Swartz v. Sunderland, 192 Pa. Superior Ct. 466, 469, and it has been clearly held that the tortfeasor against whom a judgment has been obtained has a right to bring a separate action to establish that another person is jointly liable with him for the same tort. See Puller v. Puller, 380 Pa. 219, 220. Such separate action is in assumpsit, not trespass, although plaintiff will be proving his averments that defendant was negligent and that his negligence contributed to the collision jointly with the negligence of plaintiff, in the assumpsit action. In Puller v. Puller, supra, page 221, the court said:

"The theory is that as between the two tortfeasors the contribution is not a recovery for the tort but the enforcement of an equitable duty to share liability for the wrong done."

This rule is clearly stated in Fish v. Ingerick, 5 D. & C. 2d 209, in which the court quoted from Judge Sheeley's excellent opinion in Gayman v. Beltzhoover, 77 D. & C. 1, as follows:

"Assumpsit rather than trespass is the proper form of action in which the right of a tortfeasor to contribution from his joint tortfeasor should be asserted, since the right of recovery is based not on the tort liability but on the implied obligation of the one to pay back that which the other has paid on his behalf."

In its opinion, explaining its reasons, the court said, inter alia:

"It is plaintiff's theory that, since his right to impose liability upon defendant depends upon his ability to prove that defendant's negligence contributed to the happening of the accident on which the prior judgment was based, the action would properly be trespass. *The error of this theory lies in the fact that it is not the nature of the proof required that determines the form of action to be brought, but it is the nature of the right sought to be enforced.* The authorities above quoted fully demonstrate that, while the right of the injured party is in tort and, therefore, properly asserted in trespass, the right of contribution between the joint tortfeasors is not in tort but is based on the implied undertaking and is, therefore, properly asserted in assumpsit, and that even though the rights be adjudicated in the trespass action brought by plaintiff, the judgment entered will, as between defendants, be treated as a judgment in assumpsit": pages 215 and 216.

From the foregoing it is clear that plaintiff's claim against defendant is a claim in assumpsit. The complaint necessarily alleges negligence on the part of defendant, which, combined with plaintiff's negligence, caused the collision and the consequent injuries to defendant's wife. The allegations of the complaint do not involve "a claim to recover for personal injuries" on which the statute of limitations has run. Plaintiff's claim for contribution will not run until six years after the date when the judgment against him in favor of defendant's wife was paid, June 18, 1958. See Kim v. Michigan Ladder Co., 208 F. Supp. 298, 301; also Martin v. United States, 162 F. Supp. 441 (1958), where the court said:

"The right of contribution accorded by the Pennsylvania statute to one joint tortfeasor against the

other creates a cause of action of a different nature from the tort action which is the subject of the original suit."

Therefore, defendant's preliminary objection in the nature of a motion to strike must be dismissed.

### B. *Demurrer to Complaint*
### C. *Nonjoinder of Necessary Party*

These two grounds for preliminary objections to the complaint can be considered together. Defendant takes the position that because plaintiff failed to obtain a severance in the case brought by Ray Silvis and Pearl Silvis against him at February term 1958, no. 10, and failed to join Ray Silvis as an additional defendant, Ray Silvis has not been adjudicated a joint tortfeasor. Defendant, therefore, claims that:

"1. The Complaint fails to state a recoverable cause of action in assumpsit in admitting that Ray C. Silvis was not joined as additional defendant in the prior suit referred to in this Court at No. 10 February Term, 1958."

Plaintiff takes the position that he is not precluded from suing defendant in assumpsit on a claim that the parties are joint tortfeasors, by reason of the fact that he failed to join defendant as additional defendant in the original action brought against him on the tort; and that, while it might be better practice to join defendant as an additional defendant in the original suit so that the issue could be determined in one action, failure to so join defendant is not a bar to his present claim for contribution.

This precise point has been decided at least twice in our lower courts and has been ruled on as dictum by the Supreme Court. In both of the common pleas cases, preliminary objections were filed to the complaint in assumpsit filed by one against whom a judgment had been entered in a trespass action arising out of a motor vehicle collision. In both cases plaintiff

in the assumpsit action was the driver of one of the motor vehicles and defendant was the driver of the other vehicle, driver's employer in one case. In both cases the driver against whom a judgment had been entered in a trespass action was seeking to determine on the merits whether or not the driver of the other vehicle was, in fact, a joint tortfeasor and liable for contribution. In both cases the alleged joint tortfeasor argued that failure to bring him in as an additional defendant in the tort action barred the assumpsit action to establish joint liability. In both cases the court found this argument to be without merit, dismissed defendant's preliminary objections, and directed that an answer to the complaint be filed.

One of these cases is Bowen v. Red Wing Co., Inc., 24 D. & C. 2d 413 (1960). In that case a tractor-trailer, owned by DeCeilio, leased to Red Wing Company and operated by its employe, collided with a vehicle owned and operated by Bowen, who was sued by DeCeilio for damages to his truck. Red Wing Company also sued Bowen who filed a counterclaim. The two cases were consolidated for trial. The jury was asked to find whether Bowen was negligent and whether Red Wing Company through its agent-driver was negligent. The jury found that both Bowen and Red Wing Company were negligent and their negligence caused or contributed to the collision. The truck owner was awarded a $4,000 verdict against Bowen in his action. In the other case the jury returned a verdict for Bowen on Red Wing Company's claim against him and a verdict for Red Wing Company on Bowen's counterclaim. Judgments were entered on the verdicts and the $4,000 judgment against Bowen was paid.

Bowen then brought his assumpsit action against Red Wing Company for contribution under the Uniform Contribution Among Tortfeasors Act of 1951, and preliminary objections in the nature of a demurrer

to the complaint were filed. The court agreed that the verdict and judgment in the action by Red Wing Company v. Bowen and his counterclaim adjudicated only that Red Wing Company and Bowen were negligent in relation to each other, and that there had been no *adjudication* that Bowen and Red Wing Company are joint tortfeasors, page 415. However, the court did not agree that Bowen was barred from his action in assumpsit because he failed to bring Red Wing Company in as an additional defendant in the action brought against him by the truck owner, De-Ceilio.

The court distinguished the case of Pasquinelli v. Reed, 174 Pa. Superior Ct. 566, where a petition to enter judgment against an alleged joint tortfeasor for one-half of the judgment against the petitioner in a tort action was refused, noting that the Pasquinelli case was a proceeding "by petition for judgment against Reed for one-half of the verdict because the jury had found both Reed and Pasquinelli guilty of negligence. However, in the case at bar, Bowen has brought an action in assumpsit to determine on the *merits* whether or not Red Wing Co., Inc., was, in fact, a joint tortfeasor."

The court also quoted from the commissioner's note to section 1 of the Uniform Contribution Among Tortfeasors Act, (9 Uniform Laws Annotated 233) which is as follows: "Thus if the injured person, P, is hurt by the concurrent negligence of A and B and recovers judgment in a suit only against A, *contribution* may be recovered by A against B in a *separate* action. . . ." This quotation is also used by the Pennsylvania Superior Court in Swartz v. Sunderland, 192 Pa. Superior Ct. 466 (1960), page 469.

The final paragraph of Judge Webb's opinion in Bowen v. Red Wing Co. reads as follows:

"There is no doubt that it would have been much better practice if Red Wing Co., Inc., had brought

Bowen in as additional defendant in the suit of De-Ceilio against Red Wing Co., Inc. It would have simplified matters, and all the issues would have been resolved in one action. However, we find nothing in the statutes nor do we find any decisions under the Act of 1951 that makes such joinder mandatory or prohibits one who has had a judgment entered against him for a tort from seeking contribution by bringing a separate suit to establish that one or more other persons were jointly liable with him for the same tort."

The other common pleas case holding that a plaintiff in an assumpsit action claiming contribution from an alleged joint tortfeasor need not have brought such person in as an additional defendant in the prior trespass action is Eplett v. Russell, 65 Montg. 277 (1949). That case is practically on all fours with the instant case. Eplett, against whom a judgment had been recovered in a trespass action for tort, brought an action in assumpsit against Russell for contribution as a joint tortfeasor on the theory that the jury's verdict in the tort action established that defendant, who was a plaintiff in that case, was contributorily negligent, and therefore a joint tortfeasor. Preliminary objections to the complaint were filed.

As in the instant case, defendant objected to the complaint on the ground that it did not state a cause of action and that plaintiff is barred from suing for contribution now because he failed to bring defendant in as an additional defendant when he, plaintiff, was sued in trespass for the tort. The preliminary objections were dismissed. The court held that plaintiff's suit in assumpsit was proper; that the complaint stated a good cause of action by averring that defendant's negligence coupled with that of plaintiff caused the injuries which resulted in plaintiff's being sued in trespass and having to pay the judgment, alone, and defendant refused to contribute. As to

plaintiff's failure to join the alleged tortfeasor as an additional defendant, the court said, page 280:

"It might have been more convenient to the plaintiff to join Samuel M. Russell, Jr., as an additional defendant but they were not required by the Pa. R.C.P., or any case we have found to do so in order to protect their right to demand contribution."

In Builders Supply Co. v. McCabe, 366 Pa. 322, the Supreme Court of Pennsylvania noted the right of one against whom a judgment in a trespass action had been obtained, to sue an alleged joint tortfeasor for contribution although such alleged tortfeasor had not been made an additional defendant in the original action. Contribution was denied in that case because the collision occurred in Ohio, the judgment against plaintiff was recovered there, and there is no right of contribution under Ohio law. The court said, pages 335 and 336: "It being clear, then, that plaintiff's own negligence as a contributing factor in the accident is established by the record in the Ohio case, and since therefore it cannot recover *indemnity* from defendant on any theory of primary and secondary liability or of comparative degrees of negligence, we come to the remaining question whether it can obtain *contribution* from defendant as a joint tortfeasor. Had the accident occurred in Pennsylvania such a right of recovery undoubtedly would exist: Goldman v. Mitchell-Fletcher Co., 292 Pa. 354, 141 A. 231; Act of June 24, 1939, P. L. 1075. Unfortunately for plaintiff, however, the law of Ohio, like that of many other jurisdictions, holds that there is no right of contribution between joint tortfeasors whose concurrent negligence has made them liable in damages: [cases cited]. Since the right of contribution is a quasi-contractual right arising by reason of an implied engagement of each to help bear the common burden, if such contractual obligation is not recognized as existing in the State where the accident occurred it cannot be

enforced in any other jurisdiction. If it seem inequitable that plaintiff should be burdened with the payment of the damages arising from the accident without recourse to contribution from defendant, the denial to plaintiff of such relief must be charged solely to the Ohio law which precludes the right of contribution in such cases."

In the McCabe case, supra, no specific point was made of the fact that the alleged joint tortfeasor was not made an additional defendant in the original action, but it is a fact that he was not brought into the Ohio case, and the court said that a right of recovery against him would undoubtedly exist under Pennsylvania law.

To sum up: Judgment having been entered against him in the trespass action, plaintiff has the right to claim contribution in his present action in assumpsit against defendant, alleged to be a joint tortfeasor. By severance, joinder and consolidation (now eliminated by the 1961 amendment to rule 2252 of the Pennsylvaina Rules of Civil Procedure, see Goodrich-Amram, vol. 3, §2252) the issue as to whether defendant is a joint tortfeasor and liable for contribution could have been settled in the trespass action. However, plaintiff is not barred because he failed to take these steps. He had the right to assert his claim, which was equitable in nature, and is entitled to his day in court. The only penalty for not having joined defendant as an additional defendant is the penalty of being involved in two law suits instead of one. Wherefore the court enters the following order:

### Order

And now, April 30, 1963, for the reasons stated in the foregoing opinion, it is hereby ordered that the preliminary objections to the complaint filed by defendant, be and the same are hereby dismissed; and defendant is directed to answer within 30 days from the date hereof.