Harold L. CHAPMAN and Harold L. Chapman and Louise Chapman, Husband and Wife

v.

GENERAL MOTORS CORPORATION, Defendant and Third-Party Plaintiff,

and

WIGGINS CHEVROLET CO.

and

Harold L. Chapman, Third-Party Defendants.

Civ. A. No. 32033.

United States District Court
E. D. Pennsylvania.
June 9, 1965.

Liebert, Harvey, Hertig & Short, Charles R. Berusee, Philadelphia, Pa., for General Motors Corp.

La Brum & Doak, Daniel J. Ryan, Philadelphia, Pa., for Wiggins Chevrolet Co.

KRAFT, District Judge.

Plaintiffs seek a recovery for personal injuries and property damages claimed to have been sustained in an accident caused by allegedly defective brakes and braking assemblies on a Chevrolet station wagon manufactured by defendant, General Motors Corporation.

General Motors impleaded Wiggins Chevrolet Co., an authorized Chevrolet dealer, which sold the station wagon to plaintiffs. The third-party complaint averred that the collision was due in whole or in part to the negligence and carelessness of Wiggins, and demanded judgment against Wiggins by way of contribution and/or indemnity.

Presently before us is Wiggins' motion to dismiss the third-party complaint, on the alleged ground that it fails to state a claim upon which relief can be granted.

Wiggins relies exclusively on Birdsong v. General Motors Corp., 99 F.Supp. 163 (E.D.Pa.1951). In Birdsong, General Motors filed a third-party complaint against Jacob Brothers Chevrolet, the dealer who sold plaintiffs the Chevrolet sedan involved. The third-party complaint alleged that if plaintiffs' accident was caused by the failure of, or a defect in, the brakes, "it was due solely to third party defendant's negligence in failing to properly and efficiently adjust and repair said brakes" when the automobile was in for servicing, and demanded judgment against Jacob Brothers for all sums General Motors might be found liable for to plaintiffs. In granting a motion to dismiss the third-party complaint, the Court pointed out that plaintiffs could not amend their pleadings to allege a cause of action against Jacob Brothers for lack of diversity of citizenship, and further stated at p. 165:

"Therefore, plaintiffs' action involves only their claim against General Motors. To recover a judgment plaintiffs must prove that General Motors negligently manufactured and delivered to Jacobs Brothers this Chevrolet with defective brakes and safety equipment, regardless whether recovery is based upon that negligence or upon breach of warranty by such negligence.

"For General Motors to recover in its third-party action, it must show that it is entitled to indemnity or contribution in whole or in part from Jacobs Brothers.

"The primary responsibility, for negligently manufacturing and delivering to its dealer an automobile with defective brakes or safety equipment is upon the manufacturer, irrespective of the dealer's duty to inspect the automobile and repair the defects before selling it to the ultimate user. The user could sue and recover damages for such negligent manufacture from the dealer, but the dealer could obtain complete indemnity from the manufacturer. MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916F, 696; Foley, Executrix, v. Pittsburgh-Des Moines Company, 363 Pa. 1, 28–32, 68 A.2d 517; Restatement, Torts, §§ 395, 396.

"Thus Jacobs Brothers cannot under any theory be held liable to General Motors on plaintiffs' claim against General Motors.

"General Motors' third-party complaint in effect alleges that plaintiffs' injuries were caused, not by General Motors' negligence in manufacturing defective brakes on plaintiffs' Chevrolet, but solely by Jacob Brothers' negligence in adjusting, servicing and repairing these brakes on various occasions. If proved, this is a valid defense to plaintiffs' claim but it is not a valid theory for transferring liability under plaintiffs' claim."

Birdsong, we think, must be carefully limited to its own peculiar facts. That the facts and circumstances in a particular case may be such as to impose liability on the third-party defendant dealer, jointly with the manufacturer, is

illustrated in Duckworth v. Ford Motor Company, 320 F.2d 130 (3rd Cir. 1963), where the alleged injuries resulted from a defective steering assembly. In Duckworth, the jury, in answer to special interrogatories, found that Ford breached its implied warranty and was guilty of negligence, which were proximate causes of the injuries, and that the plaintiff was not contributorily negligent. It also found that the third-party defendant dealer was guilty of negligence, which was a proximate cause of the injuries, in failing to make proper repairs to the steering assembly after the defect had been called to its attention. The Court held that Ford and White, the dealer, were "concurrent joint tort feasors," and that Ford was entitled to contribution from the dealer. In distinguishing Birdsong, the Court stated at p. 133:

> "The lower court relies on an opinion in this Circuit, Birdsong v. General Motors Corporation, D.C., 99 F.Supp. 163, which concerned a motion to dismiss the third-party complaint. This case is unlike the instant case because the jury here found that if Ford had locked the jam nut 'wrench tight' at the factory, it would never have rotated or loosened of its own accord or loosened as a result of the accident, and that this constituted liability on the part of Ford. The jury likewise found White guilty of negligence by reason of the fact that its attention had been specifically called to the failure of the steering wheel to act properly, had examined it and had advised Duckworth that, after having checked it, the steering wheel was alright."

The facts in the instant case have not been developed sufficiently to permit determination of the issue presented by Wiggins' motion to dismiss. The motion will therefore be dismissed in accordance with the general rule in such cases as stated in Swartz v. Eberly, 3 Cir., 212 F.Supp. 32 (1962), at p. 36:

> "A motion to dismiss may only be granted in the clearest of cases.

Where additional facts obviously are required before an ultimate judgment may be formed, the motion must fall. '[A] complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.' 2 Moore, Federal Practice (2d ed.), § 12.08, p. 2245."